THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SKYE BROWN, Appellant.—Judgment, Supreme Court, Bronx County, rendered August 15, 1975, convicting defendant on a plea of guilty of manslaughter in the second degree, a class C felony, after his motion to suppress an admission made to the police in the course of custodial interrogation was denied, unanimously reversed, on the law; the plea vacated; the motion to suppress the admission granted and the matter remanded for further proceedings not inconsistent with this decision. Defendant, suspected by the police of involvement in the death of his former employer, was taken from his apartment to the 48th Precinct house for questioning, after being advised of his *Miranda* rights. His common-law wife, desiring to accompany defendant, was advised that this was unnecessary as defendant would be briefly detained. Questioning continued over a period of approximately five hours, from 5:00 A.M. to 10:00 A.M., when defendant gave an inculpatory statement. In the meantime, between 8:30 and 8:45 A.M., defendant's sister, accompanied by a companion, arrived at the 48th Precinct looking for her brother. She was advised that he was not there and that she should go to another precinct on 138th Street. At the latter location, she was sent to the Sedgwick Avenue Precinct where she was informed that they did not have the defendant. Returning to the 138th Street Precinct, the sister for the first time was advised that her brother was at the 48th Precinct, the place she had originally visited. By the time defendant's sister returned to the 48th Precinct to speak to her brother, the inculpatory statement had already been made. In addition to the foregoing, the *Huntley* hearing elicited that defendant with a fourth grade education possessed an I.Q. of 70 and, according to a psychologist, was suffering from borderline mental retardation. In this case, while the action of the police respecting the efforts by defendant's sister to contact him might not have been intentional, the effect was that defendant was prevented from consulting with his family. This

effectively "sealed off the most likely avenue by which the assistance of counsel" might reach defendant *(People v Townsend,* 33 NY2d 37, 41). While defendant's detention may have been proper, the totality of the surrounding circumstances—the frustrated attempt by defendant's sister to contact him, the length of the questioning, the two statements made to the defendant by the police: the first to the effect that if defendant did not tie up his dog, the dog would be shot; the second made by a frustrated detective during the course of the interrogation to the effect that he was so annoyed that he felt like putting defendant's head through the wall—warrant concluding that the inculpatory statement must be suppressed. Concur—Lupiano, J. P., Birns, Lane, Markewich and Sandler, JJ.