■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO REYES, Appellant.—Judgment of the Supreme Court, Kings County, rendered March 2, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO RIVERA and EMANUEL RIVERA, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered October 20, 1976, convicting each of them of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentences. Case remitted to Criminal Term for further proceedings with respect to the *Huntley* hearing and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. Defendants, 16 and 17 years old at the time of their arrest, presented testimony at the *Huntley* hearing to the effect that prior to their confessions, their mother and a social worker unsuccessfully had requested to see defendants and to have the interrogation delayed until counsel could be obtained. This testimony went unrebutted, except to the extent that on the People's direct case Detective Cadieux, the alleged recipient of these requests, testified that he could not recall any station house conversations with defendants' family until after the confessions had been elicited.* The hearing court failed to resolve this factual dispute. Defendants, both youths, were held for approximately six hours before confessing. If, during this period the police had proceeded in disregard of the family's request to delay interrogation and had isolated defendants from those intent upon providing assistance, the confessions must be suppressed (see *People v Townsend,* 33 NY2d 37; *People v Evans,* 70 AD2d 886; *People v Brown,* 63 AD2d 584). The hearing court's failure to resolve the conflicting testimony as to this issue and, in particular, Detective Cadieux' belated recollection at trial that he may have seen defendants' family at the precinct early in the evening require that the hearing be reopened for a full exploration of this issue. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

---

* At trial Detective Cadieux conceded the possibility that a preconfession conversation may have occurred at the precinct.