◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO RIVERA and EMANUEL RIVERA, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered October 20, 1976, convicting each of them of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentences. By order dated November 13, 1979, this court remitted the case to Criminal Term for further proceedings with respect to the *Huntley* hearing and directed that the appeal be held in abeyance in the interim *(People v Rivera, 72 AD2d 780)*. Criminal Term has complied and rendered a report in accordance therewith. Judgments reversed, on the law, motion to suppress statements granted, and new trial ordered. The issue remitted for resolution was whether the police, in the course of interrogating and obtaining confessions from the defendants, "had proceeded in disregard of the family's request to delay interrogation and had isolated defendants from those intent upon providing assistance" *(People v Rivera, supra)*. After a hearing on this issue, the court concluded that the police had failed to comply with defendants' mother's request, made prior to her sons' confessions, to see them—a request, which, in effect, sought a delay in their interrogation. Thus, the defendants had been isolated from those ready to provide them assistance. In reaching these conclusions the court found that at approximately 7:00 P.M. on July 25, 1975, defendants, Candido and Emanuel Rivera, had been taken by the police to the 60th Precinct for questioning concerning a shooting and robbery in a grocery store at 2616 Mermaid Avenue, Brooklyn, and that they had subsequently been held in custody for at least six hours before confessing to the crimes charged at about 1:00 A.M. the next morning. The court also found that during the evening of July 25, 1975, defendants' mother had gone to the precinct twice and requested to see her sons. These requests had been denied. Finally, it was found that at the time these events

occurred defendants had been 16 and 17 years old, respectively, and there was sufficient evidence to support a finding that they had been living with their mother. Based on the foregoing, defendants' confessions must be suppressed. As this court observed in *People v Evans* (70 AD2d 886, 888), when a suspect is a minor still residing in his parent's home and presumably still reliant on him or her for guidance, the police have an obligation to establish and maintain procedures so that the suspect is not deliberately or inadvertently held beyond the reach of his parent. This is especially true when, as in the case at bar, the suspect's parent has sought permission from the police to communicate with the suspect for the purpose of rendering him assistance. As the failure to suppress defendants' statements cannot be deemed harmless on this record, the judgments of conviction must be reversed and a new trial ordered. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.