■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST CALHOUN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 7, 1977, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress certain statements. By order of this court dated January 28, 1980, the case was remanded to Criminal Term to hear and report on whether defendant's arrest was supported by probable cause, and if it was not, whether defendant's statements must be excluded as the fruit of the illegal detention or whether there was sufficient attenuation to sustain the admissibility of the statements. In the interim the appeal was held in abeyance. *(People v Calhoun,* 73 AD2d 972.) Criminal Term has now complied and rendered a report in accordance herewith. Judgment affirmed. We agree with the findings of Criminal Term upon remand that (1) defendant was involuntarily brought to the police station in handcuffs for custodial questioning on less than probable cause, and was therefore illegally seized in violation of his Fourth Amendment rights (see *Dunaway v New York,* 442 US 200); (2) during this illegal detention, but prior to questioning, a period of only two hours duration, the police independently obtained probable

cause to arrest defendant; and (3) this intervening circumstance attenuated the taint of the initial illegal detention and rendered the defendant's confessions admissible. (See *Brown v Illinois,* 422 US 590; *United States v Morris,* 597 F2d 341.) On the initial direct appeal to this court, defendant's counsel argued that the People had failed to prove that his client, a mild mental retardate, had the (1) mental capacity to knowingly and intelligently waive his *Miranda* rights and (2) the fitness to proceed to trial. We disagree. The expert evidence adduced at the *Huntley* hearing clearly supported the hearing court's conclusion that defendant, with full understanding thereof, knowingly and intelligently *waived* his *Miranda* rights and was fit to proceed to trial. Defendant's counsel has raised two additional points in his supplemental brief to this court, based on testimony adduced during the hearing conducted on remand. First, defense counsel argues that defendant was prevented from communicating with his mother in the precinct, and was thereby denied his constitutional right to counsel. We disagree. The testimony adduced at the hearing on remand clearly demonstrated that defendant's mother as well as his aunt were with him at the precinct and, in contrast to the situation in *People v Brown* (63 AD2d 584), cited by defense counsel, defendant was never prevented by the police from communicating with them, nor they with him. Second, counsel claims that defendant's confession was induced by trickery. This claim is without merit. It appears from the record on remand that the police, with but one exception, accurately described to defendant the various pieces of evidence that they had accumulated against him. The one false statement that the police made to defendant does not, standing alone, invalidate defendant's confession. (See *People v Everett,* 10 NY2d 500; *People v Caserino,* 16 NY2d 255; *People v McQueen,* 18 NY2d 337.) Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.