◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS MURPHY, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 7, 1982, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. Defendant argues that his conviction should be reversed on the grounds that an inculpatory statement made by him to the police was improperly admitted in evidence because (1) it was made subsequent to an arrest which was not based on probable cause and (2) defendant's father was not in the interrogation room when defendant (who was 17) made the statement. The facts leading up to defendant's arrest are uncontroverted. State Police Investigator Zeboris had been investigating an arson which occurred at a shopping center in the Town of Rosendale. He was informed by a disinterested party that one Dzintars Politis had stated that he and defendant had burglarized two businesses in the shopping center and had then started a fire there. Investigator Zeboris, who had been a personal friend of defendant's father for six years, proceeded to defendant's residence to question him. He was advised by defendant's father that defendant was not home, but that he would help to locate him. The officer and defendant's father proceeded to a local swimming hole where defendant was found. He was advised by the officer that he was wanted for questioning. Defendant was then driven in the police car to the State Police barracks, with his father following in his own car. At the police station, defendant was taken to an interrogation room while his father was asked to remain out by the front desk. Neither defendant nor his father at any time requested to speak to one another. Defendant was given the *Miranda* warnings and then confessed to his involvement in the burglary and arson at the shopping center. Following a *Huntley* hearing, this statement was held to be admissible. Defendant's initial contention, that his arrest was not based on probable cause, is not supported by the facts. The investigating officer had been told by an identified informant, who

apparently had no motive to lie, that the crimes under investigation had been committed by defendant and one Dzintars Politis and that Politis had so informed him. As a general rule, probable cause to arrest can be based on "information provided by an identified citizen accusing another individual of the commission of a specific crime" (*People v Sanders,* 79 AD2d 688, 689). The evidence need not rise to the level necessary to support a conviction (*People v Miner,* 42 NY2d 937) or even be sufficient to establish a prima facie case (*People v Ellis,* 83 AD2d 652). The standard is met if apparently reliable information comes to the police based upon which the officer "reasonably believes that the defendant has probably committed a crime" (*People v Rivera,* 67 AD2d 867; see *People v Brown,* 95 AD2d 569). We hold that the information supplied by the informant was sufficient to provide the arresting officer with probable cause. Defendant's second argument is that his statement should have been suppressed because it was made after his father was told by the police to remain outside of the interrogation room. Defendant cites several cases where police misconduct in denying contact between parents and their accused children during interrogation was held to be grounds for suppression of inculpatory statements (*People v Bevilacqua,* 45 NY2d 508; *People v Rivera,* 78 AD2d 556; *People v Evans,* 70 AD2d 886). However, those cases are inapposite in that in each of them, either the accused child or the parent had made an affirmative request to the police to be allowed to speak to or be with the other, in response to which the police purposely thwarted the requested contact, either by moving the child to another police station or by simply refusing to allow any communication. In the instant matter, defendant and his father freely admitted that at no time before, during or after the interrogation procedure did either of them indicate to the police a wish to communicate with the other. Such a request might easily have been made by defendant's father who was waiting outside the interrogation room and who was a personal friend of one of the officers performing the interrogation. The police were obviously under no duty to suggest or foster communication between father and son during the questioning (cf. *People v Pinzon,* 44 NY2d 458, 464). We conclude that their behavior in directing defendant's father to remain outside the interrogation room does not rise to the level of misconduct necessary for reversal (cf. *People v Bevilacqua,* 45 NY2d 508, *supra; People v Rivera,* 78 AD2d 556, *supra*). Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.