■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered April 6, 1983, convicting him of burglary in the third degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The record does not support the defendant's contention that he was denied the effective assistance of counsel. Although it became obvious at a posttrial hearing that the defendant and his counsel were experiencing some difficulties, and, in fact,

counsel was ultimately relieved, it does not appear that these problems resulted in inadequate representation. The record reveals that counsel conferred with the defendant on important issues, conducted vigorous cross-examination, made appropriate and forceful objections and motions, and in every way protected his client's rights. There is simply no basis from which to conclude that the defendant was denied his Sixth Amendment right *(see, People v Danzy,* 124 AD2d 671, 672, *lv denied* 69 NY2d 710).

We also find that the defendant's motion pursuant to CPL 330.30 (3), for a new trial based on newly discovered evidence, was properly denied. The new witness proffered by the defendant would not have presented evidence, as required by statute, of such a nature that had it been received at trial it is probable that the verdict would have been more favorable to the defendant, and the defendant was not, therefore, entitled to a new trial.

Where a defendant is convicted of several counts upon an indictment containing multiple charges, as here, sentence must be pronounced upon each count upon which he was convicted *(see,* CPL 380.20; *People v Williams,* 67 AD2d 265, *affd* 50 NY2d 996; *People v Charles,* 98 AD2d 780). As that was not done here, the defendant must be resentenced.

We have reviewed the defendant's remaining contentions and find them to be without merit. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.