■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PICA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered April 28, 1987, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was indicted with Cheryl Pierson, a high school classmate, for the murder of her father. Following the denial of that branch of his omnibus motion which was to suppress certain oral and written statements he had made to the police, the defendant pleaded guilty to manslaughter in the first degree. At the plea allocution, the defendant admitted that he had agreed to kill Cheryl's father for a sum of money, that he had waited behind a tree on the Pierson property for the father to leave the house and then shot him five times with a rifle. The next day, Cheryl's boyfriend delivered $400 to him as payment on account for the murder. On appeal, the defendant contends that his statements to the police should have been suppressed because the police tactics employed during his arrest and interrogation isolated him from his parents and that the totality of the circumstances established that his statements were not voluntary. We find that the record fails to support the defendant's contentions and therefore affirm.

The defendant was five days short of his 17th birthday when he was arrested outside the house where he lived with his mother. The police were not under a statutory duty to notify the defendant's parents of his arrest *(see, People v Crosby,* 105 AD2d 844; CPL 140.20 [6]; 1.20 [42]). The arresting officer testified that he advised the defendant of his *Miranda* rights during the ride to the police station. The defendant said he was willing to talk to the police without a lawyer and denied any involvement in the crime. At the police station, the defendant was informed by Detective McCready, the investigating detective, that Cheryl and her boyfriend were under arrest. The defendant then confessed to the crime. Detective McCready testified that the defendant was again advised of his *Miranda* rights during the preparation of a written statement.

At no time did the defendant ask to speak to his parents or to an attorney.

When a minor is residing in the home of his parents, "the police have an obligation to establish and maintain procedures so that the suspect is not deliberately or inadvertently held beyond the reach of his parent" (People v Rivera, 78 AD2d 556, 557). Conduct aimed at isolating a youthful suspect from his family or other supportive adults will not be tolerated (see, People v Hall, 125 AD2d 698). No evidence was offered, as in People v Rivera (supra), that the defendant's parents attempted to contact him at the police station. Inasmuch as the defendant did not ask to speak to his parents, we find that the claim of improper police procedures is without merit (see, People v Kircher, 134 AD2d 285). Furthermore, we find that, under the totality of the circumstances, the defendant's statements were voluntarily made.

The sentence imposed of 8 to 24 years was not excessive under the circumstances of this case (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.