◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD McCORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered December 1, 1987, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges of which the defendant stands convicted arose as a result of the October 6, 1986, attempted robbery of a Nabisco warehouse in Queens County. At approximately 10:30 A.M. on that date the defendant and three accomplices entered the warehouse, threatened several employees with a shotgun and attempted to obtain the cash receipts. One of the employees being held at gunpoint managed to escape and the robbery attempt was aborted. Immediately thereafter the defendant and his accomplices fled in a green van bearing New Jersey license plates. In the meantime, the attempted robbery was reported to the New York City Police Department. A description of the getaway vehicle including the license plate number was broadcast over the police radio at approximately 10:40 A.M. The police arrived at the scene within minutes of the broadcast and only a short time after the perpetrators had departed.

At approximately 10:55 A.M., New York City Police Officers Mark Wolf and Stanley Radzuski, while on patrol in a radio car, observed a van matching the description previously broadcast as a vehicle involved in the Nabisco robbery attempt. The site of this initial observation was about 1½ to 2 miles from the Nabisco warehouse. The officers commenced pursuit of the van, leading to a high-speed chase which terminated when the van collided with another vehicle. The collision resulted in the death of a passenger in the other vehicle. Two men ran out of the van. The codefendant Louis Slaughter was immediately apprehended, but the other man, who ran with a noticeable limp and was identified as the defendant, escaped. The defendant was later arrested in connection with these crimes.

We find no merit to the defendant's argument that the People failed to prove beyond a reasonable doubt his identity as one of the perpetrators of the crimes charged. Viewing the evidence adduced at trial in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. One of the warehouse employees, William Blatz, had ample opportunity to observe the defendant for five minutes during the commission of the crime and in describing one of the perpetrators to the police Blatz stated that he strongly resembled a former warehouse employee, Eric McCord, the defendant's brother. Ten days after the crime, Blatz positively identified the defendant from a police lineup. In addition, another warehouse employee, William Judge, selected the defendant from a lineup as the perpetrator wielding

the shotgun during the robbery attempt. The testimony of the defendant's alibi witnesses merely raised an issue of credibility which the jury, as the trier of fact, resolved against the defendant. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also challenges his conviction for felony murder on the ground that the victim's death did not result while he was in immediate flight from the attempted robbery. A felony murder is committed when a person, acting alone or in concert with others, commits or attempts to commit certain predicate felonies, of which robbery is one, and, in the course of and in furtherance of such crimes or of immediate flight therefrom, he causes the death of a person other than a participant (Penal Law § 125.25 [3]; People v Gladman, 41 NY2d 123, 125). The issue of whether a homicide took place in "immediate flight" from a felony is generally a factual issue to be determined by a jury unless the record "compels the inference" that the defendant was not engaged in fleeing the underlying crime (see, People v Gladman, supra, at 129; People v Donovan, 53 AD2d 27, 33; People v Carter, 50 AD2d 174, 176). Only in the latter case may the trial court decide the issue as a matter of law (People v Gladman, supra). In the instant case, the proof was sufficient for the jury to make a factual determination that the homicide occurred in the immediate flight from the attempted warehouse robbery. The getaway vehicle was first observed about 13 to 15 minutes after the police radio broadcast of the crime and 1½ to 2 miles from the crime scene. Upon observing that the police were following their vehicle, the response of the defendant and codefendant was to accelerate their speed and take other evasive action to avoid apprehension until their flight terminated in a collision. Under these circumstances, the jury could properly conclude that the homicide closely followed the robbery in point of time and place as to have been perpetrated in the course and furtherance of immediate flight from the attempted robbery.

Lastly, in view of the circumstances of the crime and the

defendant's extensive criminal history, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 82-84). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.