■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS SLAUGHTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered December 1, 1987, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), reckless endangerment in the first degree, and leaving the scene of an accident, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Before the commencement of the suppression hearing, the defendant expressed a lack of confidence in his court-appointed attorney and requested the hearing court to appoint new counsel. The hearing court refused to comply with the defendant's request after learning from the defendant that his present attorney had visited him three times and had discussed the case with him. On the third day of the hearing, the defendant made a written application to the hearing court for the appointment of new counsel. In response to this application, the defendant's assigned counsel stated that he had visited the defendant on various occasions, made motions on the defendant's behalf, reviewed all of the hearing minutes and reviewed the police reports. The hearing court denied the defendant's application stating that it would be unfair to the defendant to relieve the assigned attorney in the middle of the hearing. On the fifth and final day of the hearing, the defense counsel informed the hearing court that the defendant had refused to discuss the case with him. The court then informed

the defendant that he could represent himself or continue with his assigned counsel. The defendant insisted on a new attorney but the court refused to appoint one at that late stage of the hearing. The court relieved the defendant's assigned counsel, but requested that the attorney remain present to offer the defendant advice if requested. The defendant, proceeding *pro se,* requested time to review some recently delivered *Rosario* material but the court refused to delay the hearing further. The hearing was then concluded.

The defendant contends initially on appeal that he was denied the effective assistance of counsel when the hearing court "forced" him to proceed through most of the hearing with an attorney in whom he had no confidence. It is settled law that court-appointed counsel will not be removed except for good cause shown *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Bold,* 125 AD2d 583). A bald statement by the defendant that he has no confidence in his attorney is not a sufficient demonstration of good cause for the substitution of assigned counsel *(see, People v Sawyer, supra,* at 19). As such, the defendant was not entitled to new counsel. Additionally, it does not appear that this lack of confidence resulted in inadequate representation. The record reveals that counsel conferred with the defendant about the case several times, conducted vigorous cross-examination, made appropriate motions and protected his client's rights *(see, People v Richardson,* 143 AD2d 1059, 1060). Furthermore, the hearing court adequately protected the defendant's right to counsel by conducting inquiries into the nature of the defendant's dissatisfaction with his assigned counsel and by considering possible solutions *(see, People v Sides,* 75 NY2d 822, 824-825).

The defendant's further contention that the hearing court did not adequately inform him of the disadvantages and hardships of proceeding *pro se* has merit. The record reveals that the hearing court did not conduct a "searching inquiry" of the defendant to be reasonably certain that the defendant knowingly and intelligently chose to proceed *pro se (see, People v Sawyer,* 57 NY2d 12, 21). However, this error did not serve to deprive the defendant of a fair hearing since the hearing was for all intents and purposes completed, and the defendant also had counsel available to him for consultation *(see, People v Navarro,* 96 AD2d 1126, 1127).

The error, if any, in the hearing court's refusal to allow the defendant, proceeding *pro se,* to review some recently delivered *Rosario* material was harmless. The record reveals that the defendant's assigned counsel had reviewed that specific

*Rosario* material and had determined that further cross-examination concerning that material was not necessary. In light of the experienced assigned-counsel's opinion concerning the usefulness of this *Rosario* material, we find that the defendant was not deprived of a fair trial since there is no possibility that this alleged error might have contributed to the defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237-238)

The defendant additionally contends that the evidence adduced at trial was legally insufficient to support his guilt of felony murder since the homicide did not occur during the immediate flight from the felony. This issue was raised before this court on the appeal of the codefendant, with whom the defendant was jointly tried, and was rejected as lacking merit *(People v McCord,* 160 AD2d 736). We held there that the evidence was sufficient for the jury to make the factual determination that the homicide occurred in the immediate flight from the felony and therefore, that the evidence was legally sufficient to support the conviction for felony murder *(see, People v McCord, supra).* Moreover, upon the exercise of our factual review power, this court held that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). At bar, the defendant has advanced no reason for us to depart from our prior rulings on these issues.

Finally, the defendant's contention that he was deprived of a fair trial by the trial court's marshaling of the evidence in an unbalanced manner in its jury charge is also without merit. The court's failure to refer to the defendant's contentions did not deprive the defendant of a fair trial *(see, People v Saunders,* 64 NY2d 665, 667). The court advised the jurors that their recollection of the evidence was controlling *(see, People v Campbell,* 151 AD2d 591, 592) and the defense counsel thoroughly reviewed the evidence and explained the defense in his summation *(see, People v Gray,* 144 AD2d 483; *People v McDonald,* 144 AD2d 701, 702). Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.