■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GILLIARD, Also Known as LEONARD JAMES, Appellant. —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Agresta, J.), both rendered December 5, 1983, convicting him of robbery in the first degree under indictment No. 886/83 and robbery in the first degree under indictment No. 2221/83, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion made under indictment No. 886/83 which was to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgments are affirmed.

The defendant initially contends that the police lacked probable cause to arrest him. We disagree. The statement made by the codefendant Eric Cherry implicating the defendant in the robbery of a supermarket which occurred on February 22, 1983, provided ample probable cause for his arrest *(see, People v Berzups,* 49 NY2d 417; *People v Bostick,* 151 AD2d 768).

We also find unpersuasive the defendant's contention that his statement to the police regarding the supermarket robbery was rendered involuntary because it was elicited in the absence of his guardian. The record demonstrates that the police contacted an adult when the defendant asked them to do so, and there is no indication in the record that the police held the defendant beyond the reach of the adult whose presence he had requested *(see, People v Pica,* 159 AD2d 524; *cf., People v Bevilacqua,* 45 NY2d 508; *People v Rivera,* 78 AD2d 556).

Similarly unavailing is the defendant's contention that the lineup in which he appeared was impermissibly suggestive and thus gave rise to a substantial likelihood of irreparable misidentification. Even if it had been suggestive, however, suppression of the complaining witness's in-court identification of the defendant would not have been required. Based upon the duration of time that the witness observed the defendant during the robbery of the supermarket and the good lighting conditions at that time, we conclude that there is ample evidence in the hearing record to support the court's determination that an independent source for the in-court identification existed *(see, People v Adams,* 53 NY2d 241; *People v Dixon,* 158 AD2d 467). Therefore, the hearing court properly denied suppression.

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.