■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIEN PUGHE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Jackson, J.), rendered October 25, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities is granted, and a new trial is ordered.

On August 29, 1987, during a block party in Brooklyn, a shooting occurred, which resulted in the death of an innocent bystander. On September 27, 1987, Detective Ellis and two other detectives, acting upon information that the 17-year-old defendant was a participant in the shooting, began searching for the defendant. The defendant was located in his neighborhood and taken to the 77th Precinct. He was brought in through a side door and was not led past the front desk. Detective Ellis testified at the *Huntley* hearing that he did not inform anyone at the front desk that defendant was going to be processed for arrest. The defendant was taken to the second-floor homicide room. After waiving his *Miranda* rights, the defendant admitted to his involvement in the shooting, although he claimed to have fired a gun in self-defense. He repeated this admission to an Assistant District Attorney on videotape.

When the defendant's mother learned of her son's arrest she went to the 77th Precinct. The person at the front desk telephoned the homicide room but was told that the defendant was not there, despite the fact that defendant was in the room being questioned. The defendant's mother went home and unsuccessfully attempted to locate her son at the 71st Precinct. She then telephoned the 77th Precinct and spoke to Detective Weidenbaum who told her that the defendant was there, but that she did not have to come down because when "they finished questioning him he would either come to my house or he would call me". Nevertheless, the defendant's mother again went to the 77th Precinct. However, when she arrived at the precinct she was told by Detective Ellis that she could not speak to the defendant until after the questioning had been completed.

"Police conduct which purposely isolates a youthful suspect from his family or other supportive adults in order to secure an inculpatory statement cannot be tolerated" *(People v Kern,* 149 AD2d 187, 217). By refusing to allow the defendant's mother to speak to him, the police sealed off the most likely source from which the defendant might have obtained the assistance of counsel *(see, People v Townsend,* 33 NY2d 37;

*People v Rivera,* 78 AD2d 556; *People v Evans,* 70 AD2d 886). Therefore, the defendant's videotaped confession and statement to police should have been suppressed. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.