■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 3, 1989, convicting him of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of the criminal possession of stolen property charge beyond a reasonable doubt as the People's valuation expert was not properly qualified and the expert's testimony that the Isuzu truck was valued in excess of $9,000 was based upon facts not in evidence. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Qualification of a witness as an expert is a determination within the sound discretion of the trial court and its determination will not be disturbed in the absence of serious mistake or an improvident exercise of discretion *(see, People v Greene,* 153 AD2d 439, 449-450, *cert denied* — US —, 111 S Ct 363). We find that the trial court providently exercised its discretion and qualified the witness as an expert based on his "[l]ong observation and actual experience" as a car and truck dealer *(People v Greene, supra,* at 450). Moreover, we find that the expert's valuation was based on evidence in the record *(see, People v Jones,* 73 NY2d 427, 430).

Also without merit is the defendant's contention that the trial court's refusal to relieve assigned counsel deprived him of his right to the effective assistance of counsel and a fair trial. The defendant premises his contention on the fact that defense counsel failed to advise him of his right to appear before the Grand Jury *(see,* CPL 190.50). It is settled law, however, that court-appointed counsel will not be removed except for good cause shown *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Slaughter,* 162 AD2d 640). We find that the trial court properly concluded

that the defendant's notification on the eve of trial, four months after the Grand Jury hearing, was untimely *(see,* CPL 190.50 [5] [c]) and the defendant waived his statutory right to testify *(see, People v LaBounty,* 127 AD2d 989). "Even assuming the truth of the defendant's allegations, his counsel's failure to comply with his desire to testify would not, standing alone, amount to a denial of effective assistance of counsel" *(People v Hamlin,* 153 AD2d 644, 646; *People v Hunter,* 169 AD2d 538). The remaining bald statement by the defendant, in effect, that he has no confidence in his attorney is not a sufficient demonstration of good cause for the substitution of assigned counsel *(see, People v Sawyer, supra,* at 19; *People v Slaughter, supra).* The record reveals that defense counsel was adequately prepared, familiar with the legal and factual questions of the case, made appropriate pretrial motions and objections at trial, vigorously cross-examined witnesses, capably presented a defense and delivered closing arguments consistent with the defense *(see, People v Hood,* 62 NY2d 863, 865; *People v Richardson,* 143 AD2d 1059, 1060).

The sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.