■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN RODRIGUEZ, Appellant. [602 NYS2d 210] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered November 13, 1990, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced by the prosecution at trial indicated

that the defendant and his codefendant entered an apartment and, *inter alia,* forcibly stole money from an occupant, Calvin Joseph, at gunpoint. Shortly thereafter, another individual entered the apartment. The defendant and the codefendant, who were still present at the premises, forcibly escorted this individual to a back room and shot him, whereupon they fled the scene. The shooting victim subsequently died from his wounds. The defendant and the codefendant ultimately were convicted of various offenses, including felony murder.

Contrary to the defendant's present contention, we do not find that his felony murder conviction is unsupported by the evidence. The trial testimony of the prosecution witnesses created a jury question as to whether the homicide occurred "in the course of and in furtherance of [the robbery of Calvin Joseph] or of immediate flight therefrom" (Penal Law § 125.25 [3]), and the issue was properly submitted to the triers of the facts for resolution *(see, People v Slaughter,* 78 NY2d 485; *People v Gladman,* 41 NY2d 123; *People v McCord,* 160 AD2d 736; *People v Green,* 122 AD2d 891; *People v Carter,* 50 AD2d 174). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of felony murder beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant further contends that the prosecutor and the trial court effectively rendered the felony murder count of the indictment duplicitous by submitting for the jury's consideration an uncharged offense as the underlying felony. However, this argument has not been preserved for appellate review, inasmuch as the contention was never advanced in the trial court and the defense counsel never raised any concern regarding an alleged uncharged offense *(see,* CPL 470.05 [2]; *People v Bruce A.,* 141 AD2d 736). In any event, the record fails to support this contention, since the court submitted the robbery of Calvin Joseph as the sole underlying felony for purposes of the felony murder count, and the indictment was not rendered duplicitous.

Similarly unavailing is the defendant's contention that the trial court erred in refusing to admit into evidence the alleged exculpatory affidavits of a witness. The record overwhelmingly demonstrates that these affidavits did not qualify for admission under the hearsay exception for statements against penal interest because there was no showing that the declarant was

aware that the statements were contrary to his penal interest at the time they were made, that the declarant had competent knowledge of the underlying facts, and that there was adequate independent evidence to assure that the statements were trustworthy and reliable *(see, People v Brensic,* 70 NY2d 9, *motion to amend remittitur granted on other grounds* 70 NY2d 722). We further note in this regard that the prosecutor acted well within her discretion in declining to grant immunity to the declarant *(see,* CPL 50.30; *People v Chin,* 67 NY2d 22; *People v Adams,* 53 NY2d 241). Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.