■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIRO BARONE, Appellant. [635 NYS2d 35] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Leone, J.), rendered September 15, 1994, convicting him of enterprise corruption, grand larceny in the third degree (two counts), forgery in the second degree (41 counts), scheme to defraud in the first degree (nine counts), grand larceny in the fourth degree (10 counts), petit larceny (27 counts), and conspiracy in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Further, there is no merit to the defendant's contention that the police detective who testified about the Bonanno crime family and the defendant's connection thereto improperly relied upon informers and other information not in evidence. When testifying, an expert may rely on out-of-court materials if they are of a kind accepted in the profession as reliable in forming a professional opinion (see, People v Jones, 73 NY2d 427, 430). It is clear that the information relied on by the detective herein in forming his opinion is precisely the kind accepted in his profession as reliable (see also, United States v Locascio, 6 F3d 924, cert denied — US —, 114 S Ct 1646). We also find that the court did not improvidently exercise its discretion in qualifying this detective as an expert on organized crime (see, People v Jones, 171 AD2d 691).

The defendant's claim that the issuance of the eavesdropping warrant was not based on probable cause is also without merit. The District Attorney's application was permissibly based upon his information and belief (see, CPL 700.20 [3]).

Finally, contrary to the defendant's contention, the so-called "enterprise corruption" statute (Penal Law § 460.00 et seq.) pursuant to which he was convicted is not unconstitutionally vague since any person of ordinary intelligence would understand that his participation in a defrauding scheme for the benefit of an organized crime family is within the ambit of the statute (see, People v Nelson, 69 NY2d 302, 308). Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.