■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEDDIS HARRIS, Appellant. [638 NYS2d 319] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered August 6, 1993, convicting him of murder in the second degree, robbery in the first degree (two counts), and attempted robbery in the first degree (two counts),

upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress his oral statements to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly determined that the defendant's arrest was supported by probable cause and, therefore, his oral statements should not be suppressed (see, People v Berzups, 49 NY2d 417; People v Gilliard, 163 AD2d 326).

We disagree with the defendant's contention that the evidence is legally insufficient to support his conviction of felony murder. Viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of felony murder beyond a reasonable doubt (see also, People v Cotto, 176 AD2d 291; People v Sanchez, 167 AD2d 489). There is ample evidence in the record that demonstrates the defendant's participation in the underlying robbery and attempted robbery, and the issue of whether the homicide was committed in the course of the robbery or in immediate flight therefrom was properly submitted to the jury for resolution (see, Penal Law § 125.25 [3]; People v Rodriguez, 197 AD2d 546). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaking contentions are unpreserved for appellate review (see, CPL 470.05 [2]) or without merit (see, People v Suitte, 90 AD2d 80). Balletta, J. P., Ritter, Altman and Hart, JJ., concur.