OPINION OF THE COURT
Michael A. Gary, J.
Defendant has filed an omnibus motion, dated February 27, 1996, asking the court for various relief. The People have filed a written response, dated May 8, 1996.
Grand Jury Minutes
Defendant’s motion to inspect the Grand Jury minutes is granted to the extent of the court examining them in camera. Defendant’s further motion to dismiss and/or reduce the charges in the indictment is decided as follows.
*1017 Defendant is charged in the indictment with one count of perjury in the first degree (Penal Law § 210.15), based on evidence before the Grand Jury of two separate statements given by the defendant, "of these two statements one of them is false and made perjuriously, as shown by their irreconcilable inconsistency.” (Penal Law § 210.20.) One statement was an oral statement made by the defendant at a meeting, on September 15, 1994, with an Assistant District Attorney (hereafter ADA), investigating a murder, and the other consisted of testimony, on November 20, 1994, before a Grand Jury conducting an investigation into the same matter.
To prove a defendant guilty of perjury in the first degree, the People must establish that he swore falsely, and that his false statement consisted of testimony, which is material to the action, proceeding or matter in which it was made. (Penal Law § 210.15.)
Defendant argues that the People have failed to establish at least one of the elements for perjury in the first degree, namely that at least one of the statements taken consisted of testimony. Penal Law § 210.00 (3) defines testimony as "an oral statement made under oath in a proceeding before any court, body, agency, public servant or other person authorized by law to conduct such proceeding and to administer the oath” (emphasis added). While defendant concedes his Grand Jury testimony under oath was given in a proceeding, he argues that the tape recorded sworn statement in the ADA’s office clearly was not.
The People counter that the District Attorney’s office is empowered to investigate crimes and in furtherance of such investigations, an ADA is empowered to administer an oath to take sworn statements of witnesses. Therefore, any sworn statement given to an ADA is part of a criminal proceeding and is considered testimony under the statute.
Neither party cites any case law or precedent in support of his position, nor does the CPL define the word proceeding. This court finds that a proceeding necessarily envisions some eventual judicial or administrative intervention, where, under the authority of law, the public factual and legal resolution of interests is determined by a fact finder.
The court in People v Cox (127 Misc 2d 336 [Sup Ct, NY County 1985]) was similarly faced with the issue of defining a proceeding. "An affirmative lesson in discerning the meaning of 'action or proceeding’ is learned by consulting CPL 50.10. Here is a provision in pari materia with Penal Law § 215.00 [bribing a witness]. Section 50.10 (2) defines 'legal proceeding’ *1018 as 'a proceeding * * * before any court or grand jury, or before any body, agency or person authorized by law to conduct the same and to administer the oath or to cause it to be administered’. This definition lends meaning to the word 'proceeding’ in Penal Law § 215.00.” (Supra, at 341.) If the People’s argument is carried to its logical conclusion, then any part of a criminal investigation, including statements made to a police officer under oath, comprise a "proceeding.” This reasoning is faulty in that a criminal investigation does not always, nor must it necessarily end in a proceeding. Moreover, the administration of an oath by an ADA is akin to a notary public who, too, is authorized by statute to administer an oath. The administration of an oath does not a proceeding make.
With the exclusion of one of the statements relied upon by the ADA in charging the Grand Jury as to the elements of perjury in the first degree, the court is constrained to reduce the charge to a lesser included offense or dismiss it completely.
Defendant argues that the defendant cannot possibly be charged with perjury in the second degree (Penal Law § 210.10). That statute on its face requires that the sworn statement given must be in a written instrument for which an oath is required by law and that it had to have been made with the intent to mislead a public servant. Even if it were to be construed as an equivalent of a written statement, an oath was not required by law. The oral statements given by the defendant in this case do not qualify under this classification of the crime of perjury. (See, People v Polk, 100 Misc 2d 435 [Sup Ct, Onondaga County 1979]; People v Hart, 90 AD2d 856, 857 [3d Dept 1982].)
The defendant next argues that the evidence before the Grand Jury could not sustain the charge of perjury in the third degree (Penal Law § 210.05) as well, for the defendant received immunity for the subject matter of his testimony in the Grand Jury (the second statement constituting the falsity), and thus, cannot now be charged with perjury based on that testimony. The defense cites to the case of Matter of Rush v Mordue (68 NY2d 348). In that case the defendant specifically was asked in the Grand Jury presentation about the former testimony, thus, immunizing him from prosecution for the crime of perjury about that very same statement. Nowhere during the Grand Jury presentation on November 20, 1994, was this defendant questioned about his previous statement. Thus, immunity did not attach to the statement taken by the ADA, and properly could form the basis of a perjury charge. (See, GPL 190.40.)
*1019 Based on the foregoing analysis, the court finds that the evidence presented to the Grand Jury was not legally sufficient to sustain the elements of perjury in the first degree (Penal Law § 210.15), and hereby reduces the count of perjury in the first degree, pursuant to CPL 210.20, to perjury in the third degree (Penal Law § 210.05).
Suppression of Statements
Defendant next moves for suppression of the statement given by defendant Uhrey to the ADA, alleging it was involuntarily made and cannot be introduced into evidence. He cites as precedent case law where courts have suppressed statements obtained by the police or other law enforcement official in what was found to be a coercive manner, specifically, by separating the minor from his or her parents or legal guardian. (See, People v Bevilacqua, 45 NY2d 508 [1978]; People v Townsend, 33 NY2d 37 [1973]; People v Evans, 70 AD2d 886 [2d Dept 1979]; People v Ward, 95 AD2d 351 [2d Dept 1983]; People v Ventiquattro, 138 AD2d 925 [4th Dept 1988]; People v Rivera, 78 AD2d 556 [2d Dept 1980]; People v Pughe, 163 AD2d 334 [2d Dept 1990]; People v Kern, 149 AD2d 187 [2d Dept 1989], affd 75 NY2d 638 [1990]; People v Pica, 159 AD2d 524 [2d Dept 1990], lv denied 76 NY2d 794 [1990].)
The court has reviewed all of the cases listed above and finds that the Courts consistently and singularly focus on statements (and/or confessions) made by defendants. Statutory and constitutional provisions only come into play regarding those accused of, or charged with a crime, when the force of the State is brought to bear in its fullest sense. The Legislature has not seen fit to extend these protections to witnesses. Accordingly, the defendant’s motion to suppress the statement made by the defendant based on "involuntariness” is denied.
A Sandoval hearing will be held prior to trial and further motions may be made as allowed in CPL 255.20. The People’s motion for reciprocal discovery is granted as to the material specified in CPL 240.30.