■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE MASSARD, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Supreme Court granted defendant's motion to dismiss the indictment because the District Attorney failed to give defendant reasonable notice of the pendency of the Grand Jury proceeding, thus depriving defendant of his right to appear before the Grand Jury (see, CPL 190.50 [5]). Six days later the court, without giving any reason for doing so, reconsidered its decision and refused to grant an order dismissing the indictment. The conviction must be reversed. The mandatory language of CPL 190.50 (5) creates "a ministerial duty on the part of the court to dismiss an indictment obtained in violation of a defendant's right to appear before the Grand Jury" (Matter of Borrello v Balbach, 112 AD2d 1051, 1052). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—robbery, third degree, and other charges.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE HOWARD, Appellant.—Judgment unanimously affirmed. Memorandum: The People concede that they failed to make a sufficient showing of good cause for a delayed CPL 710.30 notice regarding a statement made by defendant on July 24, 1981 to the effect that he was wearing a partial plate at the time of the decedent's death (see, People v O'Doherty, 70 NY2d 479). However, admission of this evidence was harmless error. The forensic dentist discovered defendant's partial plate and made model impressions with an without the plate. There is no dispute that defendant consented to this procedure. At trial there was expert testimony that every bite mark impression is unique and that, based on the model impressions, the bite marks found on decedent's arm were inflicted by defendant. The expert had all the evidence needed for his comparative analysis and conclusion without defendant's admission (see, People v Crimmins, 36 NY2d 230). We have examined defendant's other contentions and find them without merit. (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—murder, second degree, and rape, first degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.