OPINION OF THE COURT
Hancock, Jr., J.
Defendant police officer elected to testify before a Grand Jury which was investigating his misconduct during an arrest. During submission of evidence to the Grand Jury, the prosecutor had in his possession, and concededly reviewed, a copy of defendant’s immunized statement made involuntarily pursuant to an internal police investigation. The question presented on the People’s appeal is whether the prosecutor’s possession and review of the immunized statement during defendant’s testimony constituted a use of the statement warranting dismissal of the charges against defendant. Under the circumstances of this case, the prosecutor’s actions did not warrant dismissal, and County Court’s order should, therefore, be reversed.
I.
Defendant, an off-duty Town of Brighton police officer, was working as staff security at a restaurant. After watching a group of young men drink alcohol and act in a boisterous manner, defendant asked one of them to produce identification to establish his age. The young man could not provide identification and defendant ordered him not to drink. Defendant had *328 seen another member of the group, Bihn Nguyen, giving drinks to this same young man. Defendant confronted Bihn, who began to argue. When defendant told the group to leave, they became abusive, and defendant finally advised the owner to call the local police. After the police arrived, defendant took Bihn outside to a police car. The People allege that defendant grabbed Bihn by the throat, bent him over the trunk of the car, and struck him in the head with a flashlight.
The Police Department conducted an internal investigation of the incident which included taking an internal affairs statement from defendant — a compulsory interview under threat of dismissal. As part of its internal investigation, the Police Department also interviewed officers who had been at the scene and had witnessed the incident. Subsequent to the departmental investigation, the matter was referred to the Grand Jury.
Two of the police officers who had been interviewed during the internal police investigation testified before the Grand Jury. During the examination of defendant — who voluntarily appeared before the Grand Jury and waived immunity — the prosecutor concededly had the statement before him in his presentation of the case and reviewed it while defendant was testifying. The statement was never offered into evidence, however, and the Grand Jury was not made aware of its existence. Defendant was neither confronted with the statement, nor was there any showing that he even knew the prosecutor possessed it.
Upon direction from the Grand Jury, the District Attorney filed an information charging defendant with two counts of assault in the third degree. At Town Court, defendant moved to dismiss the information on the ground that during the Grand Jury proceedings the People had made use of defendant’s involuntary statement in violation of his rights under the Federal and New York State Constitutions. Town Court granted defendant’s motion and dismissed the information. It concluded that the prosecutor had used the involuntary statement in the Grand Jury proceeding and that — excluding all evidence derived from its use — insufficient evidence existed to support the information. County Court affirmed, but noted that the information was supported by other properly admitted proof and could have been sustained. Nevertheless, County *329 Court held that dismissal of the information was warranted pursuant to CPL 210.35 (5) because the prosecutor’s use of the involuntary statement had the over-all effect of forcing defendant to conform his Grand Jury testimony to his prior statement and thereby restricted his right to testify freely. A Judge of this Court granted leave to appeal.
II.
Under both the State and Federal Constitutions, a statement made under threat of dismissal is protected by the privilege against self-incrimination and automatically immunized from use in criminal proceedings (see, Matter of Matt v Larocca, 71 NY2d 154, 159; Lefkowitz v Turley, 414 US 70, 79). The immunity attaching to a compelled statement bars the People from using in any way the statement itself or any evidence derived directly or indirectly from it (see, Matter of Matt v Larocca, supra; Kastigar v United States, 406 US 441, 453). After the People are made aware of the fact that a defendant has made an immunized statement, the People bear the burden of establishing that any evidence used was derived from a source wholly independent of the statement (see, Braswell v United States, 487 US 99, 117; Kastigar v United States, supra, at 460-462; see also, United States v North, 910 F2d 843, 853-855; United States v Serrano, 870 F2d 1, 14-15). Where the People have submitted evidence obtained directly or indirectly from use of an immunized statement, the charge may be sustained only if supported by admissible evidence derived from an independent source (see, People v Avant, 33 NY2d 265, 271-272; People v Eckert, 2 NY2d 126, 129; see also, United States v Serrano, 870 F2d 1, 16, supra; United States v North, supra, at 854).
Notwithstanding the sufficiency of such properly admitted evidence, however, CPL 210.20 (1) (c) could, in some circumstances, provide a basis for a dismissal of the charge. Specifically, CPL 210.20 (1) (c) provides that a charge must be dismissed when the proceedings as a whole are defective within the meaning of CPL 210.35. Pursuant to CPL 210.35 (5), a Grand Jury proceeding is defective when "[t]he proceeding otherwise fails to conform to the requirements of [CPL 190] to such a degree that the integrity thereof is impaired and prejudice to the defendant may result.” CPL 190.50 (5) gives a defendant the right to testify at a Grand Jury proceed *330 ing, provided certain requirements are met,[1] and charges have been dismissed under this section where this right has been denied (see, e.g., People v Green, 80 AD2d 650, 651 [prosecutor interrupted defendant several times and refused to allow her to complete her testimony]; see also, People v Massard, 139 AD2d 927; People v Davis, 119 Misc 2d 1013).
"Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision”.
III.
We turn to the circumstances presented here. Defendant’s statement during the internal Police Department investigation was involuntary as a matter of law and automatically immunized from use in criminal proceedings. We are thus presented with two questions: (1) whether the prosecutor’s conduct constituted prohibited "use” of the immunized statement; and (2) if so, whether that "use” required dismissal of the information.
There is no showing that the prosecutor employed the statement as a source of information for questioning defendant. On the contrary, the record of defendant’s extensive testimony (covering 52 pages in the Grand Jury transcript) establishes that the prosecutor framed his questions to avoid any suggestion that he had any prior knowledge of the facts pertaining to the incident. All but three of his inquiries were nonspecific and nonleading, questions such as "What happened then?” and "What happened next?” The prior knowledge reflected in the three leading questions related to particulars already known by the prosecutor and fully available from other sources — i.e., the statements of the police witnesses in the police internal investigation report and the officers’ prior description of the same events in their testimony before the Grand Jury.[2] No suggestion is made, and, moreover, defendant does not claim, that the People made any use of defendant’s statement as a source of information leading to the discovery of other information in the investigation (see, United States v Serrano, 870 F2d 1, 13-15, supra; compare, *331 United States v Poindexter, 951 F2d 369, 374-377; United States v North, 910 F2d 843, 860-868, supra).
Nor does the record reveal any instance where the prosecutor could be said to have "used” his possession of the statement to control the witness or to affect in some way his answers or his demeanor. Defendant was never confronted with the statement, and indeed, there is no showing that he was even aware that the prosecutor had it (compare, New Jersey v Portash, 440 US 450, 458-460).
Defendant argues, nevertheless, and both courts below agreed, that the prosecutor’s mere possession and viewing of defendant’s immunized statement, without more, constituted a "use” prohibited by the State and Federal Constitutions. Defendant cites no authority, nor have we found any, to support his contention. We need not decide this question, however, because we conclude that the prosecutor’s conduct was not such a "use” as could warrant dismissal of the charges.
We find nothing in the record to support County Court’s conclusion that the prosecutor’s conduct had the effect of forcing defendant to conform his testimony to the statement and, thus, restricted his right to testify under CPL 190.50 (5). Given the absence of any indication that defendant was aware of the prosecutor’s possession of the statement, we cannot see how the statement could have affected his testimony. Indeed, a review of the 52-page transcript of defendant’s testimony reveals that it did not. Defendant was given wide latitude to offer his account of the incident. His answers were complete and, at times, lengthy and wide-ranging. He was never cut off or interrupted. We hold, therefore, that defendant was in no way inhibited from exercising his right to testify before the Grand Jury (see, CPL 190.50 [5]). Nor is there any other basis for a holding that the integrity of the Grand Jury proceedings was impaired or the defendant somehow prejudiced so as to require dismissal (see, CPL 210.20 [1] [c]; 210.35 [5]). For these reasons and because, as County Court held, the record contains ample evidence to sustain the charges independent of anything that could be attributed to the immunized statement, the dismissal of the charges should be reversed (see, e.g., People v Avant, supra, at 271-272).[3]
*332 We conclude with a word of caution. Although we hold that a dismissal of the information was not warranted, we by no means approve the practice followed by the prosecutor here. A defendant’s guarantee of immunity as well as his or her rights to testify before the Grand Jury must be scrupulously protected. To be sure, the possession of an immunized statement during a Grand Jury presentation could, in other circumstances, where the defendant becomes aware of the statement’s existence, be employed to compel the defendant to tailor the testimony to the statement or used in some other way to impair these guarantees. No reason is suggested for a prosecutor’s possession of an immunized statement during a Grand Jury presentation, and the practice should be avoided.
Accordingly, the order of Monroe County Court should be reversed, the information reinstated, and the case remitted to Mendon Town Court for further proceedings on the information.

. CPL 190.50 (5) states, in part:

. Specifically, the prosecutor asked defendant if he had ever grabbed Bihn by the throat, if he had bent Bihn over the trunk of the police car, and if any other officer was holding Bihn when defendant struck him.

. The dissent offers no reason for why, when there is concededly sufficient proof to sustain the charges, the information should be dismissed. People v Steuding (6 NY2d 214), relied on by the dissent, is inapplicable. *332 There, the defendant was subpoenaed to appear before the Grand Jury and given immunity. The indictment was not dismissed for any tainting misconduct during the Grand Jury proceedings but because the subsequent indictment was based on immunized testimony given by defendant during his involuntary appearance.