Requestor: Ronald A. Longo, Esq., Deputy Town Attorney Town of Clarkstown 10 Maple Avenue New City, N Y 10956
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether the Internal Affairs Division of the Clarkstown Police Department may compel officers to answer questions about on-duty and off-duty activities directly relating to their abilities to carry out the public trust, assuming that no waiver of immunity is required.
In Matter of Matt v LaRocca, 71 N.Y.2d 154 (1987), the Court of Appeals stated that
 "the State `may compel any person enjoying a public trust to account for his activities and may terminate his services if he refuses to answer relevant questions, or furnishes information indicating that he is no longer entitled to public confidence.'"
71 N.Y.2d at 159-60 (quoting People v Avant, 33 N.Y.2d 265, 271 [1973]).See also, 1983 Op Atty Gen 201. In Matt, the Court noted that the United States Supreme Court has held that when a public servant refuses to answer questions specifically, directly and narrowly relating to the performance of his official duties and is not required to waive immunity with respect to use of the answers in a criminal prosecution, the constitutional privilege against self-incrimination is not a bar to dismissal. See, Gardner v Broderick, 392 U.S. 273 (1968). The Court noted that
 "when a public employee is compelled to answer questions or face removal upon refusing to do so, the responses are cloaked with immunity automatically, and neither the compelled statements nor their fruits may thereafter be used against the employee in a subsequent criminal prosecution."
71 N.Y.2d at 159. See also, People v Corrigan, 80 N.Y.2d 326 (1992).
The cases mentioned above do not explicitly state that a public employee may be compelled to answer questions about off-duty activities in the same way he may be required to answer those relating to on-duty activities. Presumably some off-duty activities are relevant to an employee's performance of his public trust. This is a factual determination that must be made on a case-by-case basis.
In a telephone conversation, you advised that it is the Department's practice, pursuant to the collective bargaining agreement, to explain theMiranda rights to officers who are under arrest or targets or suspects of criminal investigation and then to clarify that answers given in the course of the administrative investigation may not be used in a criminal prosecution. This practice appears to be in accord with the case law discussed above, and with cases limiting the People's use in criminal prosecutions of immunized statements and their fruits. See, People vCorrigan, supra, slip op at 4. We believe it would be wise to coordinate the department's investigation of such persons with the district attorney's office.
We conclude that the Internal Affairs Division may compel officers to answer questions directly relating to their official duties, assuming that no waiver of immunity is required.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.