■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY R. PATTISON, Appellant. [854 NYS2d 266]—

Defendant further contends that County Court erred in denying his motion to dismiss the indictment based on the violation of his right to testify before the grand jury without conducting a hearing. We agree with defendant that a hearing is required. It is undisputed that, pursuant to CPL 190.50 (5) (a), defendant's attorney served the People with written notice of defendant's intention to testify before the grand jury when the matter was presented. The record contains correspondence between the prosecutor and defense counsel concerning the possibility of a plea agreement prior to presentment. The prosecutor stated therein that the "grand jury will convene in the middle of January, 2003" and, in a subsequent letter, the prosecutor stated that the "grand jury will proceed as scheduled." We conclude that the court erred in determining that, based on those letters, defendant was provided with adequate notice of the time and place of the grand jury proceeding, sufficient to satisfy the statutory notice requirements. CPL 190.50 (5) (b) expressly provides that, "[u]pon service upon the district attorney of a notice requesting appearance before a grand jury . . . , the district attorney must . . . serve upon the applicant . . . a notice that he [or she] will be heard by the grand jury *at a given time and place*" (emphasis supplied). Contrary to the court's determination, those letters do not establish the People's compliance with the statute. Although the prosecutor may have provided oral notice of that information, there is no evidence in the record that the prosecutor in fact did so. We therefore hold the case, reserve decision and remit the matter to County Court for a reconstruction hearing to determine whether the People complied with CPL 190.50 (5) (b). Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.