THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY R. PATTISON, Appellant. [880 NYS2d 442]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered April 12, 2006. The appeal was held by this Court by order entered March 14, 2008, decision was reserved and the matter was remitted to Chautauqua County Court for further proceedings (49 AD3d 1157 [2008], *amended on rearg* 50 AD3d 1630 [2008]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the motion is granted and the indictment is dismissed without prejudice to the People to represent any appropriate charges under counts one, three, four, five and six of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [vi], [viii]; [b]) and one count each of murder in the second degree (§ 125.25 [1]) and conspiracy in the second degree (§ 105.15). We previously held the case, reserved decision and remitted the matter to County Court for a reconstruction hearing to determine whether the People complied with CPL 190.50 (5) (b) (*People v Pattison*, 49 AD3d 1157 [2008], *amended on rearg* 50 AD3d 1630 [2008]; *see generally People v Jordan*, 153 AD2d 263, 266-267 [1990], *lv denied* 75 NY2d 967 [1990]). Contrary to defendant's contention, a reconstruction hearing is proper where, as here, "an error of law is committed by the hearing court which directly causes the People to fail to offer potentially critical evidence," and the People should therefore be afforded the opportunity to present such evidence (*People v Havelka*, 45 NY2d 636, 643 [1978]; *see generally People v Malinsky*, 15 NY2d 86, 95-96 [1965]). We agree with defendant, however, that the court erred in determining following the reconstruction hearing that the People had complied with CPL 190.50 (5) (b). We conclude that the People failed to establish by a preponderance of the evidence that defendant was afforded actual notice that was "reasonably calculated to apprise [him] of the [g]rand [j]ury proceeding so as to permit him to exercise his right to testify" (*Jordan*, 153 AD2d at 266-267; *see generally People v Terry*, 225 AD2d 1058 [1996], *lv denied* 88 NY2d 886 [1996]). We therefore reverse the judgment, grant defendant's motion to dismiss the indictment and dismiss the indictment without prejudice to the People to re-present any appropriate charges under counts one, three, four, five and six of the indictment to another grand jury (*see generally People v Massard*, 139 AD2d 927 [1988]; *Matter of Borrello v Balbach*, 112 AD2d 1051, 1052-1053 [1985]). Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.