# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**851**

**KA 09-01582**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                                    MEMORANDUM AND ORDER

MICHAEL S. BRUMFIELD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL S. BRUMFIELD, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA DREHER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered May 27, 2009. The judgment convicted defendant, upon a jury verdict, of attempted criminal possession of a weapon in the second degree, attempted criminal possession of a weapon in the third degree, obstructing governmental administration in the second degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted and the indictment is dismissed without prejudice to the People to re-present any appropriate charges under counts two through five of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [1]), obstructing governmental administration in the second degree (§ 195.05) and resisting arrest (§ 205.30). Defendant's contention in his main and pro se briefs that the evidence is legally insufficient to support the conviction of those counts is preserved for our review only insofar as it relates to the crimes of attempted criminal possession of a weapon in the second and third degrees (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Additionally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence, and thus we reject defendant's contention to that effect (*see generally Bleakley*, 69 NY2d at 495). Defendant also contends in his pro se supplemental brief

that count two of the indictment, charging attempted criminal possession of a weapon in the second degree, was jurisdictionally defective because the People did not negate the "home or place of business" exception (§ 265.03 [3]).  We reject that contention.  That exception is inapplicable where, as here, a defendant "has been previously convicted of any crime" (§ 265.02 [1]; *see* § 265.03 [3]).  We note that the People properly alleged defendant's prior conviction in a special information filed with the indictment (*see* CPL 200.60).

Defendant further contends in his main brief that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 210.20 (1) (c) because he was denied his right to testify before the grand jury.  We agree.  Defendant served the People with "a notice requesting appearance before [the] grand jury" pursuant to CPL 190.50 (5) (b) and appeared at the appropriate time and place.  After the People presented defendant with a waiver of immunity form, defendant deleted three paragraphs from that form and then signed the form before a notary public.  Defendant refused to sign the waiver of immunity form without any deletions, and the People did not permit defendant to testify before the grand jury.

CPL 190.50 (5) provides that, if a defendant serves upon the People a notice of his intent to testify before the grand jury, appears at the appropriate time and place, and signs and submits to the grand jury "a waiver of immunity pursuant to [CPL] 190.45," the defendant "must be permitted to testify before the grand jury" (CPL 190.50 [5] [b]; *see* CPL 190.50 [5] [a]).  In the event that the defendant complies with those procedures and is thereafter not permitted to testify, the appropriate remedy is dismissal of the indictment (*see* CPL 190.50 [5] [c]).  The parties do not dispute that defendant complied with the first two requirements of the statute.  The only dispute is whether defendant signed "a waiver of immunity pursuant to section 190.45" (CPL 190.50 [5] [b]).  CPL 190.45 (1) provides that a waiver of immunity "is a written instrument" in which a person who is to testify before the grand jury stipulates that he or she "waives [the] privilege against self-incrimination and any possible or prospective immunity to which he [or she] would otherwise become entitled, pursuant to [CPL] 190.40, as a result of giving evidence in such proceeding."  Here, the paragraphs in the waiver of immunity form that defendant left intact stated that defendant waived his privilege against self-incrimination and any immunity to which he would otherwise be entitled pursuant to CPL 190.40.  Thus, defendant signed a waiver of immunity form that complied with the requirements of CPL 190.45 (1) and was therefore required to be permitted to testify before the grand jury (*see* CPL 190.50 [5] [b]).  It is well settled that a defendant's statutory right to testify before the grand jury " 'must be scrupulously protected' " (*People v Smith*, 87 NY2d 715, 721, quoting *People v Corrigan*, 80 NY2d 326, 332).  We conclude that, because defendant complied with the requirements of CPL 190.50 (5) but was nevertheless denied his right to testify before the grand jury, the court erred in denying defendant's motion to dismiss the indictment.  We therefore reverse the judgment of conviction, grant the motion, and dismiss the indictment without prejudice to the People to re-present any appropriate charges under counts two through five of

the indictment to another grand jury (*see generally People v Pattison*, 63 AD3d 1600, 1601, *lv denied* 13 NY3d 799).

In view of our determinations, we do not address defendant's remaining contentions raised in his main and pro se supplemental briefs.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court