People v Morrissey (2025 NY Slip Op 02692)

People v Morrissey

2025 NY Slip Op 02692

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

304 KA 24-00394

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM T. MORRISSEY, III, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 4, 2024. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree, disseminating indecent material to minors in the first degree, official misconduct and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [1]), disseminating indecent material to minors in the first degree (former § 235.22), official misconduct (§ 195.00), and endangering the welfare of a child (§ 260.10 [1]). The conviction stems from defendant's abuse of a minor student at the high school at which defendant had been assigned as a school resource officer. Defendant contends that County Court erred in refusing to dismiss the indictment on the ground that it was secured using statements protected by Garrity v New Jersey (385 US 493 [1967]) at an interview. We reject that contention. Here, we conclude that the People met their "burden of establishing that any evidence used was derived from a source wholly independent of the statement[s]" (People v Corrigan, 80 NY2d 326, 329 [1992]). Specifically, the evidence at the suppression hearing established that, prior to defendant's interview, investigators possessed a detailed letter raising specific allegations of an improper relationship between defendant and the student, which provided an independent source for the information thereafter obtained from defendant. Although defendant contends that, upon the student's denial of such a relationship, the investigation would not have continued but for his statements during the interview, the record reflects that the investigation continued after defendant's interview based upon the previously obtained letter, independent from his
Garrity-protected statements. When considering defendant's motion to dismiss the indictment, the court credited the suppression hearing testimony of investigators that the impetus for continuing the investigation was independent from defendant's statements, and thus so too was the evidence ultimately obtained as a result. "[T]he credibility determinations of the suppression court are entitled to great deference on appeal" (People v Archie, 227 AD3d 1406, 1407 [4th Dept 2024], lv denied 42 NY3d 925 [2024] [internal quotation marks omitted]), and we perceive no abuse of that discretion here.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court