■ The People of the State of New York, Respondent, v Howard Hamlin, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Westchester County (Delaney, J.), rendered July 3, 1985, convicting him of criminal possession of a forged instrument in the second degree, petit larceny, and criminal possession of stolen property in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the defendant's purported conviction of criminal possession of stolen property in the third degree under the third count of the indictment and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The trial court's *Sandoval* ruling, permitting inquiry into two prior convictions, was not an improvident exercise of discretion *(People v Pavao,* 59 NY2d 282, 292; *People v Sandoval,* 34 NY2d 371). The defendant's prior convictions, involving attempted robbery and possession of a forged instrument, were probative on the question of credibility and demonstrated a willingness on the part of the defendant to deliberately further self-interest at the expense of society *(People v Duffy,* 36 NY2d 258; *People v Smalls,* 128 AD2d 907). Although a trial court should always exercise caution in permitting evidence of a similar conviction, questioning concerning other crimes is not automatically precluded simply because the crime to be inquired about is similar to that charged *(People v Pavao, supra; People v Rahman,* 46 NY2d 882; *People v Sito,* 114 AD2d 1049; *People v Gonzalez,* 111 AD2d 870, *revd* 68 NY2d 424). "[T]he fact that a defendant may specialize in one type of illegal activity * * * does not *ipso facto* shield such defendant from having prior convictions used to impeach his credibility. To hold otherwise defies common sense and, in effect, serves to make the criminal specialist a member of a chosen class, free from the burden of having his credibility impeached for prior convictions relating to his specialized field of endeavor—a result not envisioned under *Sandoval*" *(People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882, *supra).*

The argument that the defendant was denied an opportunity to testify before the Grand Jury in violation of his statutory right to do so is also meritless *(People v Planthaber,* 131 AD2d 927). With respect to the defendant's claim of ineffective assistance of counsel, predicated upon his allegation dehors the record that counsel ignored his express desire to testify before the Grand Jury, we find that the defendant's appropriate remedy is to bring a proceeding pursuant to CPL 440.10 *(see, People v Brown,* 45 NY2d 852; *People v Smith,* 112

AD2d 389). Even assuming the truth of the defendant's allegations, his counsel's failure to comply with his desire to testify would not, standing alone, amount to a denial of the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

We note that the court erred in imposing a term of imprisonment upon the third count of the indictment charging the defendant with criminal possession of stolen property in the third degree because the jury did not return a verdict of guilt on that count. Therefore, the judgment of conviction is modified accordingly.

Viewing the evidence as to the remaining counts in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.