THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH JORDAN, Respondent.

Second Department, February 5, 1990

---

**APPEARANCES OF COUNSEL**

*John J. Santucci, District Attorney (Andrew Zwerling* of counsel), for appellant.

*Robert E. Green* for respondent.

**OPINION OF THE COURT**

KOOPER, J.

The question to be resolved on appeal is whether the People afforded the defendant notice of his right to testify before the Grand Jury in conformity with the requirements of CPL 190.50 (5) (b). For the reasons that follow, we conclude that the notice provided by the People was insufficient and affirm the order appealed from.

I.

On April 18, 1988, the defendant Kenneth Jordan was arraigned on a felony complaint charging him, *inter alia,* with assault in the second degree. At his arraignment, the defendant was represented by the Legal Aid Society, which appeared on his behalf for the purposes of "arraignment only". During arraignment, the defendant's Legal Aid counsel entered a plea of not guilty and served the People with a notice pursuant to CPL 190.50 (5) (a), indicating that the defendant wished to exercise his right to testify before the Grand Jury. The notice listed the attorney-in-charge and address of the Legal Aid Society. Also, the court file in this matter bore the notation: "the defendant upon appearing for arraignment: was assigned Legal Aid Society counsel for arraignment only" and was stamped: "DEFENDANT TO RETAIN ATTORNEY".

Thereafter, on April 23, 1988, the People hand delivered to the Legal Aid Society a notice advising that the case would be presented to a Grand Jury on May 12, 1988. Apparently, the Legal Aid Society failed to inform the defendant that it had received the People's notice. On May 5, 1988, seven days prior to the scheduled Grand Jury proceeding, Joseph W. Muldoon, Esq., filed a notice of appearance and, according to the defendant, "appeared in court on that date" on his behalf. Although the record does not indicate precisely what type of court appearance Mr. Muldoon made, the People do not deny that they were aware of Mr. Muldoon's entry into the case. The case was subsequently presented, as scheduled, to the Grand Jury on May 12, 1988. The defendant, however, did not appear. An indictment was thereafter handed up charging the defendant, *inter alia,* with assault in the second degree and assault in the third degree.

II.

By notice dated June 20, 1988, the defendant moved to

dismiss the indictment pursuant to CPL 190.50 (5) (c) "on the [ground] that the People did not give the defendant an opportunity to testify, in his own behalf, before the Grand Jury". In addition to the facts already related, defense counsel argued that the entire incident arose out of a barroom brawl that spilled out onto the street and that, "[y]our affirmant has interviewed the defendant and one of his witnesses and I believe, based upon their testimony, that the Grand Jury should be given the opportunity to hear both sides of the story". Counsel added that, "I believe that if they hear the testimony as to the entire incident there will be no true bill voted against the defendant". In opposition to the motion, the People argued, *inter alia,* that CPL 190.50 (5) (a) requires that the defendant in his notice of intent to testify, "state * * * an address to which communications may be sent" and that the People fully complied with the statute by serving their notice at the address specified in the defendant's notice.

## III.

By order dated July 14, 1988, the Supreme Court, Queens County, granted the defendant's motion, dismissing the indictment with leave to re-present. In concluding that the notice provided was deficient, the court held that, "[w]hen it appears that a Legal Aid attorney stands up for a defendant at the time of arraignment for that purpose only, subsequent service of the CPL § 190.50 notice is defective unless it is sent to both the Legal Aid Society and the defendant, or subsequently retained counsel". The court further observed that "[t]he slight inconvenience involved in ascertaining defendant's residence address from the Criminal Justice Agency interview report or some other appropriate document is minimal when compared to the grave injustice imposed upon a defendant who has been deprived of his right to testify".*

The People now appeal, arguing, *inter alia,* that: (1) they served their notice in conformity with the statute by delivering it to the address listed in the defendant's notice, (2) the

---

* Although the Supreme Court granted the defendant's motion, it observed that the Legal Aid Society failed in its obligation to vigilantly protect the interests of its client. The court warned in this respect that "[a]t a minimum it would seem that an attorney is required to forward either to defendant or new counsel during the pendency of an action any relevant notices received, erroneously or otherwise, on behalf of a defendant (Code of Professional Responsibility, DR2-110 [A] [2])".

court's ruling to the contrary misapplies the statute and could require the burdensome service of two notices where one is contemplated, and (3) the Legal Aid Society is at fault in breaching its ethical and professional duty to transmit the notice to the defendant and communicate with the successor counsel. We affirm.

## IV.

A defendant's right to testify before the Grand Jury is clearly set forth in CPL 190.50 (5) (a), which provides, in pertinent part that "[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent". Upon receipt of such a notice from the defendant, the District Attorney must subsequently serve upon him, at the address specified, "a notice that he will be heard by the grand jury at a given time and place" (CPL 190.50 [5] [b]).

There can be little question that the framers of the CPL regarded the defendant's "absolute" right to testify before the Grand Jury (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, at 278) as a significant one, inasmuch as the District Attorney's failure to provide notice to a defendant who requests permission to testify mandates dismissal of the indictment (see, CPL 190.50 [5] [c]; 210.20 [1] [c]; 210.35 [4]; see also, People v Massard, 139 AD2d 927; People v Luna, 129 AD2d 816, 817, lv denied 70 NY2d 650; Matter of Borrello v Balbach, 112 AD2d 1051, 1052; People v Taylor, 142 Misc 2d 349, 351; People v Jones, 126 Misc 2d 104, 105-106). Courts which have considered the nature of the District Attorney's obligation pursuant to CPL 190.50 (5) have concluded that the statute contemplates the provision of "actual", rather than technical, notice to the defendant (see, People v Davis, 133 Misc 2d 1031; People v Martinez, 111 Misc 2d 67, 69; People v Suarez, 103 Misc 2d 910, 913; People v Rakity, 77 Misc 2d 324, 327; cf., People v Helm, 51 NY2d 853, 854-855; People v Scott, 141 Misc 2d 623, 624; People v Singh, 131 Misc 2d 1094, 1096). It is clear that, at the very least, the notice provided by the People must be reasonably calculated

to apprise the defendant of the Grand Jury proceeding so as to permit him to exercise his right to testify. Of course, "[t]he concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case" *(see, People v Taylor,* 142 Misc 2d 349, 351, *supra; cf., People v Bey-Allah,* 132 AD2d 76, 78). It is well settled, moreover, that the District Attorney in dealing with the Grand Jury "owes a duty of fair dealing to the accused" *(People v Pelchat,* 62 NY2d 97, 105; *see also, People v Lancaster,* 69 NY2d 20, 26), and that the courts, by virtue of the Grand Jury's role as "an 'arm of the court' " *(People v Ianniello,* 21 NY2d 418, 424, *cert denied* 393 US 827; CPL 190.05; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.05, at 185), similarly maintain an obligation to ensure fairness in Grand Jury submissions *(see, People v Pelchat, supra; People v Russo,* 128 Misc 2d 876, 880; *People v Monroe,* 125 Misc 2d 550, 551; *People v Davis,* 119 Misc 2d 1013, 1019; *People v Lazar,* 51 Misc 2d 233, 237-238).

## V.

Tempered by a consideration of the foregoing, and in light of the remedial function served by CPL 190.50, it is our view that the Supreme Court's determination constituted an appropriate construction of the relevant statutory provisions under the circumstances presented. The People's contentions do not establish otherwise. The People contend that because they delivered their notice to the address inscribed on the defendant's notice, their duty to apprise the defendant of the impending Grand Jury presentation was discharged in strict conformity with the literal mandate of the statute. To require more, the People assert, would transgress the rubric of statutory construction which forecloses courts from reading nonexistent provisions into Legislative enactments. The People, however, omit reference to an equally important precept of statutory construction; that is, the basic tenet which commands avoidance of self-defeating literalism and mandates that a statute be construed in such a way that its objectives are furthered, not frustrated. Indeed, "[t]here is no more likely way to misapprehend the meaning of language—be it in a constitution, a statute, a will or a contract—than to read the words literally, forgetting the object which the document as a whole is meant to secure" *(Central Hanover Bank & Trust Co. v Commissioner of Internal Revenue,* 159 F2d 167, 169, *cert denied sub nom. Estate of Wilkinson v Commissioner of Inter-*

*nal Revenue,* 331 US 836; *see, Matter of Astman v Kelly,* 2 NY2d 567, 572; *see also, Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818, 820; *MVAIC v Eisenberg,* 18 NY2d 1, 3; *People v Bey-Allah,* 132 AD2d 76, 81, *supra; Schabe v Hampton Bays Union Free School Dist.,* 103 AD2d 418, 423; McKinney's Cons Laws of NY, Book 1, Statutes §§ 95, 96; 2A Sutherland, Statutory Construction §§ 54.01, 54.08 [4th ed 1984]).

Although the delivery provision of the statute logically authorizes service at the address provided by the defendant *(see,* CPL 190.50 [5] [b]), its singular function is to ensure that the defendant receives meaningful and timely notice of the Grand Jury proceeding. The objective of the statute is clearly frustrated, however, where a literal adherence to its directive operates to deprive the defendant of the very right its provisions were intended to secure. Where such an unintended result obtains, a literal compliance with the letter of the law will not foreclose the courts from inquiring into whether, under the circumstances presented, the notice actually given comports with that which the framers of the statute sought to provide. With regard to the foregoing, the record discloses that prior to the delivery of their notice, the People were aware of the limited nature of the Legal Aid Society's appearance on the defendant's behalf. Nevertheless, the People chose to perfunctorily deliver their notice to an attorney whose representation of the defendant had terminated immediately after his arraignment. In our view, where the right in question is a significant one to be exercised personally by the defendant upon a date specified by the People, a notice transmitted solely to an attorney who no longer represents the defendant falls short of that which CPL 190.50 (5) (b) was intended to provide, and to which the defendant is entitled in order for him to meaningfully exercise the right conferred under the statute.

The People's contentions with respect to the alleged ethical improprieties committed by the Legal Aid Society in its representation of the defendant do not require a contrary result. Although the Legal Aid Society was remiss in the discharge of its professional duty by failing to apprise the defendant that the People's notice had been received, its conduct cannot serve to diminish the entirely independent obligation of the People to furnish the defendant proper notice of the Grand Jury presentation. It is the District Attorney—not defense counsel —who is charged in the first instance with providing adequate notice to the defendant.

## VI.

Accordingly, we conclude that where a defendant is represented by counsel "for arraignment only", the additional service of a timely notice upon the defendant himself, or on an attorney subsequently entering the case if the People are aware of his appearance, constitutes an appropriate accommodation which comports with the statute's remedial objective and furthers the interest of justice under the circumstances presented. The People's contention that administrative difficulties would render such a procedure unduly burdensome is without merit and unsupported by the record. In any event, we decline to countenance dilution of the significant right at issue upon the speculatively asserted ground of administrative inconvenience *(cf., People v Kemp,* 131 AD2d 265, 267-268). Finally, we caution that we do not approve of professional laxity by counsel who appear in a limited capacity *(see, People v Lynch,* 138 Misc 2d 331).

MOLLEN, P. J., LAWRENCE and EIBER, JJ., concur.

Ordered that the order is affirmed.