■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD HUNTER, Also Known as ORVILLE HUNTER, Appellant.— Judgment, Supreme Court, Bronx County (Bonnie Wittner, J., at hearing, jury trial and sentence), rendered April 26, 1988, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Although defendant expressed a desire to testify before the Grand Jury, he never submitted a written request as required by CPL 190.50 (5) (a); his oral notice to the People and the Supreme Court was insufficient *(People v Harris,* 150 AD2d 723, 724), although in appropriate circumstances that requirement may be waived *(see, People v Gini,* 72 AD2d 752). On this record, we cannot determine whether there was a waiver or whether defendant, through counsel, in off-the-record comments, indicated a reluctance to testify before the Grand Jury. Significantly, no complaint was made at defendant's subse-

quent arraignment that he was denied the opportunity so to testify. Thus, it may well be that defendant was attempting to manipulate the system.

In any event, defendant's *pro se* motion to dismiss the indictment for failure to honor his request to appear before the Grand Jury was properly rejected as untimely (CPL 190.50 [5] [c]) and improper, as defendant was represented by competent assigned counsel. No conflict between defendant and assigned counsel is apparent on this record to warrant a different conclusion *(compare, People v Renaud,* 145 AD2d 367, *appeal dismissed* 74 NY2d 734). Nor would counsel's failure to secure defendant's right to testify before the Grand Jury, without more, demonstrate ineffective assistance of counsel. *(People v Hamlin,* 153 AD2d 644.) Our disposition on this point, however, is without prejudice to any postjudgment motion defendant may wish to avail himself of concerning the entire question of his request to testify before the Grand Jury.

The motion to suppress the prerecorded "buy" money was properly denied. The People demonstrated probable cause to arrest defendant based on the transmission of an accurate and undisputed description of him by the undercover officer to the arresting officer, who testified at the hearing. The testimony of the undercover officer was not required at the hearing since probable cause was established by the arresting officer and no substantial issue as to the validity of the arrest was raised warranting the production of the undercover officer. *(See, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Mingo,* 121 AD2d 307.)

We have considered defendant's remaining arguments and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Rubin, JJ.