■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES JIMENEZ, Also Known as JAIME JIMENEZ, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County (Goldman, J.), dated March 19, 1991, which granted the defendant's motion pursuant to CPL 210.35 (4) and 210.20 (1) (c) to dismiss the indictment, with leave to re-present.

Ordered that the order is affirmed.

The defendant served a CPL 190.50 notice of his desire to testify before the Grand Jury. However, he did not do so due to his former attorney's oversight of the People's reciprocal CPL 190.50 notice, which stated exactly when the defendant was to appear and testify. This omission by the defendant's former attorney "amounted to a denial of defendant's right to assistance of counsel as guaranteed by both the Federal and State Constitutions" (People v Lincoln, 80 AD2d 877; see also,

*People v Stevens,* 151 AD2d 704; *People v Jordan,* 153 AD2d 263). As a result of this omission by the defendant's former attorney, the defendant was "effectively precluded" *(People v Lincoln, supra)* from exercising his " 'absolute' " right to appear as a witness before the Grand Jury which voted to indict him *(People v Jordan, supra,* at 266, quoting Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, at 278; *see also,* CPL 190.50 [5] [a]). Moreover, the defendant's present counsel, in his motion papers, represented to the court that his client was willing to testify before the Grand Jury that "he was the victim of the criminal conduct which led to his indictment, and that he, in fact, received a bullet wound to his neck in the course of disarming the complainant".

Under these circumstances, the Supreme Court did not err in dismissing the indictment with leave to re-present *(see, People v Lincoln, supra; People v Jordan, supra).* Mangano, P. J., Bracken, Rosenblatt and Lawrence, JJ., concur.