■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN OTIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lange, J.), rendered October 26, 1990, convicting him of burglary in the second degree, criminal possession of a weapon in the third degree, criminal contempt in the second degree, criminal mischief in the fourth degree, and endangering the welfare of a child (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant received competent and, indeed, effective representation of counsel *(see, People v Baldi,* 54 NY2d 137). The defendant claims that he informed his attorney of his desire to testify before the Grand Jury but that his attorney neglected to notify the District Attorney, as required by CPL 190.50 (5) (a). However, "[e]ven assuming the truth of the defendant's allegations, his counsel's failure to comply with his desire to testify would not, standing alone, amount to a denial of the effective assistance of counsel" *(People v Hamlin,* 153 AD2d 644, 645-646). Furthermore, it was not ineffective assistance for the defendant's attorney to fail to request a

recusal by the Trial Justice after the defendant elected a nonjury trial. The Trial Justice's presiding over pretrial proceedings did not constitute a ground for recusal *(see, People v Moreno,* 70 NY2d 403, 407). Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.