■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON TURNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered October 21, 1988, convicting him of robbery in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the evidence was legally insufficient to support his conviction of robbery in the first degree and grand larceny in the fourth degree because the indictment charged him with acting in concert with other persons, when in fact the prosecution proceeded at trial on the theory of his culpability as a principal. This contention is unpreserved for appellate review, as the issue was not raised during the trial (see, People v Duncan, 46 NY2d 74, cert denied 442 US 910; People v Udzinski, 146 AD2d 245). In any event, the contention is without merit. Because there is no distinction between criminal culpability as a principal and as an accessory (see, People v Duncan, supra; People v Beckett, 186

AD2d 209; *People v Smith,* 156 AD2d 756), the evidence adduced at the trial established every element of the charged crimes beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's claim that the court gave an improper charge as to his liability as an accomplice is also unpreserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Breazil,* 120 AD2d 602). In any event, even though the prosecution proceeded on the theory that the crime was committed by a single perpetrator, the instruction to the jury on acting in concert, even if unwarranted, could not have prejudiced the defendant *(see, People v Rogers,* 177 AD2d 666; *People v Smith,* 156 AD2d 756, *supra; People v Lewis,* 105 AD2d 758; *People v Licausi,* 98 AD2d 751, 752).

We find no support in the record for the defendant's claim of ineffective assistance of counsel predicated upon his allegation that counsel ignored his express desire to testify before the Grand Jury *(see, People v Brown,* 28 NY2d 282, 286-287; *People v Hamlin,* 153 AD2d 644, 645). Even assuming the truth of the defendant's allegations, his counsel's failure to serve notice of his desire to testify before the Grand Jury would not, standing alone, amount to a denial of the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Hamlin,* 153 AD2d 644, 646, *supra).* Furthermore, the Supreme Court correctly denied the defendant's motion to dismiss the indictment on the ground that he was denied an opportunity to testify before the Grand Jury, as the motion was untimely *(see,* CPL 190.50 [5]).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80, 85).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.