■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEMMY STURGIS, Appellant. [606 NYS2d 241] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered May 5, 1992, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Prompt, on-the-scene identifications by witnesses following a defendant's arrest at or near the crime scene are generally allowed and are not categorically or presumptively condemned

*(see, People v Duuvon,* 77 NY2d 541, 544; *Matter of Darryl G.,* 184 AD2d 204).* The complainant identified the defendant at the scene of the crime approximately 10 minutes after he had been arrested, 15 to 20 minutes after commission of the crime, and about 40 yards from the point of arrest. The circumstances represented one unbroken chain of events—crime, escape, pursuit, apprehension, and identification—all occurring within a limited geographic area *(see, People v Hawkins,* 188 AD2d 616; *People v Mitchell,* 185 AD2d 249). Contrary to the defendant's assertions, the fact that he had already made an inculpatory statement prior to being identified does not negate the existence of exigent circumstances *(see, People v Duuvon, supra,* at 545). In any event, any error in admitting the identification testimony was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Johnson,* 169 AD2d 779, 781).

We reject the defendant's contention that the trial court's refusal to relieve assigned counsel deprived him of his right to the effective assistance of counsel and a fair trial. The defendant premises his contention on the allegation that defense counsel failed to take the steps necessary to comply with his desire to testify before the Grand Jury *(see,* CPL 190.50). It is settled law, however, that court-appointed counsel will not be removed except for good cause shown *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Medina,* 44 NY2d 199, 207). The defendant's bald statement was insufficient to meet his burden of establishing that his rights pursuant to CPL 190.50 were violated *(see, People v Fleming,* 196 AD2d 551; *People v Richardson,* 193 AD2d 969; *People v Cipolla,* 171 AD2d 557). In any event, even if the defendant's allegations were true, his counsel's failure to comply with his desire to testify would not, standing alone, amount to a denial of the effective assistance of counsel *(see, People v Bundy,* 186 AD2d 357; *People v Jones,* 171 AD2d 691; *People v Hunter,* 169 AD2d 538; *People v Taylor,* 165 AD2d 800, 801; *People v Hamlin,* 153 AD2d 644, 646).

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Thomas,* 50 NY2d 467, 471), or without merit *(see, People v Suitte,* 90 AD2d 80, 83). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.