OPINION OF THE COURT
David Friedman, J.
The issue before the court concerns defendant’s right to testify before the Grand Jury pursuant to CPL 190.50. Defendant failed to testify because his attorney was on vacation when her office received notice of the time for him to appear. I conclude that where the District Attorney has met all of his obligations under CPL 190.50 defense counsel’s failure to secure her client’s right to testify does not justify dismissal of the indictment. Moreover, under the circumstances of this case, defense counsel’s failure to act does not constitute ineffective assistance of counsel. To the extent that People v Jimenez (180 AD2d 757) seems to hold otherwise it is not controlling at bar.
The background of these issues shows that at arraignment in Criminal Court defendant’s attorney notified the Assistant District Attorney that defendant desired to testify before the *531 Grand Jury. Via a letter dated September 16, 1994 the District Attorney’s office advised defense counsel that the case had been presented to the Grand Jury and if defendant wished to testify he should appear on September 21, 1994. Defendant did not appear on that date. A second notice was given to defense counsel by letter dated September 21, 1994 advising her to appear with defendant on September 26, 1994 if he wished to testify before the Grand Jury.
It is uncontroverted that at the time these notices were sent to defense counsel, a member of the Legal Aid Society, she was on vacation and a message so stating had been left on her voice mail. In any event neither defense counsel nor anyone at her office took action in regard to the notices to appear from the District Attorney. What followed was an indictment filed on September 27, 1994 charging defendant with criminal possession of a weapon in the third degree.
Defendant now moves for an order dismissing the indictment on the grounds that the District Attorney failed to comply with CPL 190.50, that the interests of justice mandate dismissal, and that defendant’s nonappearance before the Grand Jury means he has been denied meaningful assistance of counsel. The District Attorney counters that the notices sent by him complied with CPL 190.50, that defense counsel was obligated to act upon the notices, and that defendant must bear the consequences of his nonappearance before the Grand Jury.
When criminal charges against a person are in the midst of being presented to a Grand Jury CPL 190.50 confers upon that person the right to appear before that body as a witness in his own behalf. To avail himself of that right the person must serve upon the District Attorney a written notice making such a request and stating an address to which a communication to appear may be sent. When such a notice is served subdivision (5) (b) requires the District Attorney to respond with a notice sent to the address specified advising the person of the time and place he will be heard by the Grand Jury.
There is no question that the notices sent by the District Attorney must upon initial analysis be deemed to have met the requirements of CPL 190.50. What defense counsel posits, however, is that the District Attorney should have recognized that something was amiss when she failed to appear with her client and that had the District Attorney but called her supervisor he would have learned that she was on vacation. *532 Defense counsel asserts that had this been done one of her colleagues at the Legal Aid Society would have appeared with defendant before the Grand Jury. The issue that emerges, therefore, is whether there are circumstances in which notwithstanding compliance by the District Attorney with the literal requirements of CPL 190.50 the indictment will be dismissed in order to afford a defendant an opportunity to testify before the Grand Jury. In my view while there may be such circumstances this case does not present them.
Consideration of the issue must begin with People v Jordan (153 AD2d 263, Iv denied 75 NY2d 967). In Jordan a defendant’s right to testify before the Grand Jury pursuant to CPL 190.50 was denominated a "significant one” (at 266) with the District Attorney being obligated to provide actual notice rather than merely technical notice to the defendant of the time and place to appear. The Court went on to state (at 266-267) that, "It is clear that, at the very least, the notice provided by the People must be reasonably calculated to apprise the defendant of the Grand Jury proceeding so as to permit him to exercise his right to testify. Of course, '[t]he concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case’ ” (citations omitted).
Following this approach, the issue here becomes whether the District Attorney’s notices dated September 16 and 21 were reasonably calculated to apprise defendant of the Grand Jury proceeding so that he could exercise his right to testify. In applying this standard a comparison of the actions of the District Attorney and defense counsel at bar with those of the parties in Jordan (supra) is particularly instructive.
In Jordan (supra) the Legal Aid Society appeared on behalf of the defendant for purposes of arraignment only. At arraignment defendant’s Legal Aid Society attorney served notice that defendant wished to testify before the Grand Jury. The contact address listed on the notice was that of the Legal Aid Society. Thereafter the District Attorney utilized that address to notify the Legal Aid Society of the time for defendant’s appearance before the Grand Jury. The Legal Aid Society failed to pass this information on to defendant. In the meantime a new attorney took over defendant’s representation and the case was presented to the Grand Jury without defendant’s appearance. The Court held that the notice, while perhaps complying with the literal requirements of CPL 190.50, was inadequate and stated (at 268), "the record discloses that prior *533 to the delivery of their notice, the People were aware of the limited nature of the Legal Aid Society’s appearance on the defendant’s behalf. Nevertheless, the People chose to perfunctorily deliver their notice to an attorney whose representation of the defendant had terminated immediately after his arraignment. In our view, where the right in question is a significant one to be exercised personally by the defendant upon a date specified by the People, a notice transmitted solely to an attorney who no longer represents the defendant falls short of that which CPL 190.50 (5) (b) was intended to provide, and to which the defendant is entitled in order for him to meaningfully exercise the right conferred under the statute.”
In the instant situation it is true that defendant’s attorney was on vacation when notified so that notice given to her did not afford defendant an opportunity to exercise his right to testify before the Grand Jury. However, unlike Jordan (supra), where the District Attorney should have realized notice was being sent to the wrong place, the District Attorney in this case had no reason to believe that the attorney was on vacation. To the extent that the District Attorney needs to consider the possibility of defense counsel being on vacation he could reasonably calculate that her associates and supervisors would deal with such an occurrence. Moreover, having twice served defendant’s counsel with notices meeting the requirements of CPL 190.50 the District Attorney was not required in addition to call to inquire why defendant did not come to the Grand Jury. Thus, in contrast to the Jordan scenario the District Attorney had every reason to conclude that defendant decided not to testify.
These determinations concerning the District Attorney’s compliance with CPL 190.50 do not, however, end consideration of the matter. Defendant, for purposes of this motion, adopts the position that he was denied meaningful assistance of counsel because of his attorney’s failure to have him appear before the Grand Jury. This claim is contrary to the well-established principle that a failure by defense counsel to secure a client’s right to testify before the Grand Jury does not by itself constitute ineffectiveness of counsel (People v Helm, 51 NY2d 853; People v Sturgis, 199 AD2d 549, Iv denied 83 NY2d 858, upon reconsideration Iv denied 84 NY2d 833; People v Turner, 187 AD2d 469, Iv denied 81 NY2d 894; People v Bundy, 186 AD2d 357, Iv denied 81 NY2d 837; People v Otis, 186 AD2d 828; People v Jones, 171 AD2d 691, Iv denied 78 *534 NY2d 923; People v Hunter, 169 AD2d 538, Iv denied 77 NY2d 907; People v Hamlin, 153 AD2d 644).
The difficulty, however, is that notwithstanding all of the foregoing precedents, in People v Jimenez (180 AD2d 757, supra) the Court found that there had been ineffective assistance of counsel because of a failure by an attorney to have his client testify before the Grand Jury. In so finding the Court stated the following (at 757-758): "The defendant served a CPL 190.50 notice of his desire to testify before the Grand Jury. However, he did not do so due to his former attorney’s oversight of the People’s reciprocal CPL 190.50 notice, which stated exactly when the defendant was to appear * * * This omission by the defendant’s former attorney 'amounted to a denial of defendant’s right to assistance of counsel’ * * * As a result of this omission by the defendant’s former attorney, the defendant was 'effectively precluded’ * * * from exercising his ' "absolute” ’ right to appear as a witness before the Grand Jury * * * Moreover, the defendant’s present counsel, in his motion papers, represented to the court that his client was willing to testify before the Grand Jury that 'he was the victim of the criminal conduct which led to his indictment, and that he, in fact, received a bullet wound to his neck in the course of disarming the complainant’ ” (citations omitted).
Jimenez (supra) does not address the subject of why the attorney’s oversight there rose to the level of the denial of effective assistance of counsel notwithstanding that it has been repeatedly held that a failure by a defense attorney to even serve a CPL 190.50 notice does not constitute ineffectiveness of counsel. Regardless of this apparent dichotomy of views between Jimenez on the one hand and People v Helm (supra); People v Sturgis (supra); People v Turner (supra); People v Bundy (supra); People v Otis (supra); People v Jones (supra); People v Hunter (supra); and People v Hamlin (supra), on the other, there is an important factor in Jimenez which distinguishes it from the case at bar. This factor also resolves any inconsistency between Jimenez and the other cited cases.
The Appellate Division’s decision in Jimenez (supra) affirmed a nisi prius order dismissing the indictment in the interest of justice. The above-quoted portion of the Appellate Division’s memorandum makes reference itself to what that interest of justice is, namely, the claim that the defendant, rather than being the aggressor, was the " 'victim of * * * criminal conduct’.” In fact my examination of the record on appeal in Jimenez reveals that the defense counsel compel *535 lingly claimed from the outset of the prosecution — that is as early as arraignment in Criminal Court — that defendant was the victim of a shooting with the only shot that was fired in the incident having lodged in his neck. In addition, defendant’s attorney in Jimenez asserted in support of his motion to dismiss that his client was prepared to give testimony to such effect before the Grand Jury.
What evolves is that the Jimenez dismissal and the Appellate Division’s affirmance thereof is effectively premised on the interests of justice (CPL 210.40), that is, the compelling version of events pointing to innocence. To interpret Jimenez (supra) differently would lead to the untenable result that an attorney who does nothing to effectuate a client’s right to testify has not been ineffective, while one who serves notice pursuant to CPL 190.50 but fails to act thereafter is deemed ineffective. Stated otherwise, partial performance would be regarded as worse than no performance at all.
In determining whether the instant case falls within the parameters of Jimenez (supra), an examination of the statements made in support of defendant’s motion shows there is no representation made as to what testimony defendant wants to give. Rather there is a bald request to dismiss because of his failure to testify. While the absence of such a statement certainly is not dispositive of this motion (cf, Matter of Borrello v Balbach, 112 AD2d 1051), Jimenez indicates that it is a factor worthy of consideration. In view of the absence of any such representation Jimenez would seem inapplicable leaving this case subject to the well-established rule that an attorney’s failure to secure a defendant’s right to testify before the Grand Jury does not, by itself, warrant a finding of ineffectiveness of counsel.
This brings the matter to whether there is any other basis to dismiss on interests of justice grounds. Defendant argues that there would be no prejudice to the People if the District Attorney were required to present the case to the Grand Jury again and he therefore asks that this motion be granted in the interests of justice.
Trial courts do not have an inherent power to dismiss an indictment in the absence of statutory authority (People v Guzman, 168 AD2d 154). To the extent that CPL 210.40 permits dismissal in the interests of justice there must be a compelling factor, consideration or circumstance clearly demonstrating that prosecution of defendant upon the indictment *536 would result in an injustice. Section 210.40 sets forth the factors to be considered on such a motion. While Jimenez (supra) contains that sort of factor, suffice it to say that defendant has failed to even address the factors enumerated by CPL 210.40 as justifying dismissal. Under these circumstances an interests of justice dismissal premised on a nonexistent violation of CPL 190.50 is unwarranted.
Accordingly, defendant’s motion is denied.