■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL GOLDEN, Appellant. [672 NYS2d 755] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered August 3, 1995, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed with leave to the People to re-present the matter to another Grand Jury, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of two counts of criminal possession of a weapon in the third degree, stemming from his carrying a loaded, unlicensed weapon in a Kentucky Fried Chicken franchise. The defendant argues, *inter alia,* that he was deprived of his right to testify before the Grand Jury pursuant to CPL 190.50 because he was not informed of the date and time when the Grand Jury proceeding was scheduled.

Although the People served notice pursuant to CPL 190.50 upon the attorney from the Legal Aid Society who represented the defendant at his arraignment, they failed to serve the retained attorney who had subsequently appeared on the defendant's behalf. The defendant's Legal Aid Society attorney, whose appearance at the arraignment was not limited to the arraignment only, did not forward the CPL 190.50 notice to the defendant. Furthermore, despite the fact that the defendant's retained counsel did not file a formal notice of appearance with the court, he did apparently furnish his business card to the People at the time of his first appearance. The People do not dispute that the Assistant District Attorney present at that time had actual notice of the substituted representation. Additionally noteworthy is the fact that the notice pursuant to CPL 190.50 which the People mailed to the defendant was sent to his prior address and not to the current address which he had furnished to the court at his arraignment.

Under these circumstances, the People failed to provide notice which was "reasonably calculated to apprise the defendant of the Grand Jury proceeding" (*People v Jordan,* 153 AD2d 263, 266-267). Thus, the defendant was effectively precluded

from exercising his right to appear as a witness before the Grand Jury which voted to indict him (*see, People v Lincoln,* 80 AD2d 877). Accordingly, the indictment is dismissed with leave to re-present (*see, People v Hancock,* 205 AD2d 800; *People v Jiminez,* 180 AD2d 757).

In light of this conclusion we need not reach the defendant's remaining contentions. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.