OPINION OF THE COURT
Gustin L. Reichbach, J.
This case presents an issue of apparent first impression, to wit, what are the consequences, if any, if an attorney withdraws a previously filed notice of a defendant’s intention to testify *474 before the grand jury (CPL 190.50), without consultation with or consent from his client?
The defendant, Marley Edwards, was arrested and arraigned on December 18, 2001 and charged with various counts of rape and sexual abuse relating to an incident, which had allegedly occurred almost one year earlier. The criminal court complaint and subsequent indictment allege that sometime between January 1, 2001 and January 31, 2001 the defendant sexually assaulted his first cousin, who at the time was less than 15 years old.
On June 24, 2002, the court held a hearing in connection with defendant’s motion to dismiss the instant indictment due to a claimed violation of defendant’s rights under CPL 190.50 (5) as well as in the interest of justice. (CPL 210.40.)
Based on that hearing and a review of the court file, the court makes the following findings of fact and conclusions of law.
At the time of his arraignment, the defendant was represented by Mr. Joel Meadows, as assigned counsel from the “18B panel.” Mr. Meadows, after conferring with his client, believed that Mr. Edwards planned to hire private counsel. To preserve defendant’s rights, as well as all options for new counsel, Mr. Meadows filed a cross grand jury notice. The matter was then adjourned to December 21, 2001. On that date, the defendant, though still incarcerated, was not produced in court. Without any discussions with his client and without his consent, Mr. Meadows withdrew the defendant’s cross grand jury notice. There was no subsequent contact of any kind between Mr. Edwards and Mr. Meadows, who was still his attorney of record.[1] On January 10, 2002, the Assistant District Attorney assigned to this case contacted Mr. Meadows who telephonically reconfirmed his previous withdrawal of Mr. Edwards’ notice of intention to testify.
On January 15, 2002 the instant indictment was voted, though it was not filed until January 23, 2002.
The defendant retained his current counsel on or about February 12, 2002 and his new counsel represented the defendant at his Supreme Court arraignment on February 14, 2002. Counsel then timely moved to dismiss the indictment on the grounds, inter alia, that the defendant had been denied his right to testify before the grand jury.
*475 It is undisputed that defendant’s prior counsel withdrew his cross grand jury notice without consultation or consent from his client. At the hearing defendant persisted in his claim of wanting to testify before the grand jury in this matter.
As previously noted, the “outcry” in this case occurred almost a year after the alleged offense. There is no forensic or other corroborating evidence in support of the charges. It is a classic swearing contest between the accuser and the denying defendant.
Neither counsel nor the court have been successful in locating any cases or authorities dealing with the specific facts presented herein. It is important at the outset of this discussion to know what issues are presented and just as importantly, which are not. There is no assertion here that the People in any way violated their statutory obligation under GPL 190.50 (5) (People v Helm, 51 NY2d 853 [1980]).
Based on the information received by the District Attorney from defendant’s then counsel of record, the People were perfectly correct in concluding that the defendant had decided not to testify. (People v Boswell, 163 Misc 2d 529 [Sup Ct, Kings County 1994].)
The initial question presented is whether, as a matter of constitutional right, the decision to testify before the grand jury is one that can only be made or waived by the defendant. This requires a determination as to whether or not a defendant’s right to testify in the grand jury is a fundamental or constitutional one. Both the United States Supreme Court and New York’s Court of Appeals have enumerated these decisions that are so fundamental that they can only be made by the defendant, not his attorney. The United States Supreme Court in Jones v Barnes (463 US 745 [1983]) noted that decisions such as whether to waive a jury, whether to testify at trial and whether to take an appeal are so fundamental that they can only be made by the defendant (citing ABA Standards for Criminal Justice: The Defense Function, standard 4-5.2 [2d ed]). In People v White (73 NY2d 468 [1989]), New York’s Court of Appeals likewise found that fundamental decisions include whether to plead guilty, whether to waive a jury trial, whether to testify on one’s behalf and whether to take an appeal. The Court of Appeals in People v Ferguson (67 NY2d 383 [1986]) indicated that this list was not exhaustive.
The Court of Appeals has made it plain that the right to testify before a grand jury is not one of constitutional dimension, but rather a right provided by statute. (People v Smith, *476 87 NY2d 715 [1996].) While not of constitutional dimension, nevertheless, the Court of Appeals has determined it to be a “valued” right, a “significant and substantial” right which must be “scrupulously protected.” (People v Evans, 79 NY2d 407, 414 [1992]; People v Smith, 87 NY2d 715, 720, 721 [1996]; People v Corrigan, 80 NY2d 326, 332 [1992].) While clearly an attorney has the right to make day-to-day decisions governing a case, and those decisions will be binding on a client (People v Jordan, 96 AD2d 1060 [2d Dept 1983]), there is apparently no New York authority indicating whether this significant statutory right to testify before the grand jury, once invoked, may be waived without the defendant’s permission.
Many cases hold that a failure by defense counsel to secure a client’s right to testify before the grand jury by failing to file a cross grand jury notice is not, by itself, ineffective assistance of counsel. (People v Sturgis, 199 AD2d 549 [2d Dept 1993]; People v Bundy, 186 AD2d 357 [1st Dept 1992]; People v Otis, 186 AD2d 828 [2d Dept 1992]; People v Jones, 171 AD2d 691 [2d Dept 1991]; People v Hunter, 169 AD2d 538 [1st Dept 1991]; People v Hamlin, 153 AD2d 644 [2d Dept 1989]; People v Boswell, 163 Misc 2d 529 [Sup Ct, Kings County 1994].) On the other hand, appellate courts have found that subsequent to the filing of a cross grand jury notice, errors by counsel which have the effect of precluding the defendant from testifying constitute ineffective assistance requiring dismissal of the indictment. (People v Jimenez, 180 AD2d 757 [2d Dept 1992]; People v Lincoln, 80 AD2d 877 [2d Dept 1981]; People v Moskowicz, 192 AD2d 317 [1st Dept 1993].)
On its face, what distinguishes these two disparate line of cases is that in the former no notice of intention to testify was ever filed, in the later counsel failed to effectuate a defendant’s right after notice had been filed. In People v Boswell (163 Misc 2d 529), Justice David Friedman (now Associate Justice of the Appellate Division, First Department) found such distinctions irrelevant because it would lead to the conclusion that (at 535) “partial performance would be regarded as worse than no performance at all.” Consequently, Justice Friedman focused on the fact that in Jimenez (supra), the Appellate Division’s holding was (at 535) “effectively premised on the interests of justice (CPL 240.10), that is, the compelling version of events pointing to innocence.”
With due respect to Justice Friedman, there is in this court’s view a practical basis for this distinction. The filing of the notice clearly evidences the intention of the defendant to testify *477 before the grand jury and this right needs to be “scrupulously protected.” (People v Corrigan, supra.) In the absence of such notice the courts could find themselves embroiled in hearings, which would be nothing more than a swearing contest to divine the elusive concept of a defendant’s intention, in the absence of any corroborating evidence.
In any event, it appears that, notwithstanding the District Attorney’s compliance with CPL 190.50, there are circumstances which permit dismissal of an indictment in order to afford the defendant an opportunity to testify before the grand jury. (See also People v Hooker, 113 Misc 2d 159 [Sup Ct, Kings County 1982]; People v Kellman, 156 Misc 2d 179 [Sup Ct, Kings County 1992].)
Perhaps most instructive in determining whether this case presents such circumstances are the facts presented in People v Jimenez (supra). In that case, after service of a notice of intention to testify, the defendant was not apprised of when and where to appear as a consequence of omissions by defendant’s former attorney. The Court found that such omissions amounted to a denial of defendant’s right to effective assistance of counsel, and effectively precluded him from exercising his absolute right to testify (Jimenez, supra at 757, 758). The Court, in dismissing the indictment so that the defendant could testify when the case was re-presented, discussed at length the defendant’s claim that he was actually the victim of criminal conduct and not the perpetrator of the crime, which led to his indictment. Thus, the Second Department seemed substantially influenced by the factual circumstances in Jimenez (supra).
It is not necessary, in resolving the instant matter, to determine whether the right to testify before the grand jury once invoked is so substantial that it can never be waived without the defendant’s permission. Rather, the specific facts of this case present sufficiently compelling circumstances so that the interests of justice require that the defendant be permitted to testify before the grand jury. As noted, there appears to be no evidence for the claims made against the defendant, save the testimony of the complainant. The outcry in this case and the defendant’s arrest did not come until almost a year after the alleged events. Defendant denies his guilt. In such circumstances, where the case involves a swearing contest between the complainant and the defendant, it is particularly important that the defendant have an opportunity to testify before the grand jury and perhaps to short-circuit this criminal *478 prosecution. Furthermore, the People make absolutely no claim that such resubmission will in any way prejudice their case.
Under all the circumstances, the court finds that as in Jimenez (supra at 758), the defendant has been “effectively precluded * * * from exercising his absolute right to appear as a witness before the Grand Jury” (internal quotation marks omitted) and the instant indictment must be dismissed with leave to re-present before a new grand jury with notice to be afforded the defendant of his right to testify.[2]

. On January 17, 2002, the defendant, having not heard from counsel or the court regarding his case, filed a notice of change of address with the court, which included his new telephone number.

. Pursuant to this decision, there was a re-presentment of the case at which the defendant testified. The grand jury subsequently voted no true bill.