OPINION OF THE COURT
William M. Erlbaum, J.
The defendant, Israel Soto, has submitted a motion dated April 30, 2010, seeking dismissal of the instant indictment pursuant to CPL 190.50. The defendant has been indicted for burglary in the second degree and related offenses. It is alleged that, on March 15, 2010, the defendant broke into the complainant’s residence in violation of an order of protection. The defendant claims that he was denied his right to testify before the grand jury. He alleges that, although he had served notice of his intent to testify, he was unable to present himself before the grand jurors due to the fact that his attorney at the time, against his wishes, withdrew his CPL 190.50 notice and advised the People that the defendant did not wish to testify.[1] The People have submitted an affirmation dated June 10, 2010 in opposition to the motion.
In a decision dated June 23, 2010, this court ordered a hearing to determine the merits of the defendant’s claims. The hearing was conducted before this court on August 10, 2010 and September 1, 2010, and oral argument was conducted on October 18, 2010.
The court heard testimony from two witnesses. The defendant testified at the hearing on his own behalf, and the People called Francis Gibbons, Esq., the attorney who represented the defendant during the time the instant case was presented to the grand jury. Mr. Gibbons would have been the attorney who would have accompanied the defendant into the grand jury had he testified.
The defendant testified at the hearing that, on March 24, 2010, he was in court in connection with the instant case, as this was the day that he would have had his opportunity to testify before the grand jury concerning the charges underlying this indictment. The defendant indicated that he told his attorney, Mr. Gibbons, at his arraignment on March 20, 2010, that he wished to testify in the grand jury. The defendant stated *419 that, on March 24, 2010, his attorney came to speak to him in the holding pens, as the defendant was, and still is, incarcerated.[2] The defendant testified that he told his attorney again, and repeatedly, that he wished to testify before the grand jury. The defendant stated that his attorney did not attempt to persuade him not to testify, did not attempt to advise him about whether or not he should testify, and did not indicate that he would do anything other than honor his request to testify.[3]
The defendant stated that, at about 7:00 p.m. that day, he was informed that he had been indicted. He did not see his attorney again until the next day, when he and counsel appeared in court on his other case, an open misdemeanor matter. The defendant testified that, when he saw Mr. Gibbons, he had a heated argument with him about why he had not been brought before the grand jury, and his attorney told him that he never had a right to testify before the grand jury.[4] Furthermore, the defendant indicated that in open court, on this same day, March 25, 2010, he told the sitting judge that he no longer wanted to be represented by Mr. Gibbons, because he waived the defendant’s right to appear before the grand jury without his consent.
Upon cross-examination, the defendant reiterated that he wanted to testify before the grand jury, and that he conveyed that desire to his attorney. The defendant also testified that he never discussed with his attorney the merits of whether he should or should not appear before the grand jury. The defendant indicated that he was aware of what a waiver of immunity is, that it must be signed before one testifies before the grand jury, that he knew this from his personal knowledge, and that he never discussed it with Mr. Gibbons. The defendant stated that he discussed, with his attorney, the complainant and the case that he was charged with, but he did not discuss with him whether or not the complainant would come forward and testify against him. The defense rested at the conclusion of the defendant’s testimony.
*420 Mr. Gibbons testified that he has been employed as a trial lawyer by the Legal Aid Society for 23 years, and that his representation of the defendant on this case began on March 20, 2010, at the defendant’s arraignment. Mr. Gibbons indicated that on that date he discussed with the defendant the nature of the charges against him, advised him about the grand jury, its rules and procedures, the defendant’s rights before the grand jury, GPL 180.80, and whether or not the defendant should testify in the grand jury. Mr. Gibbons stated that, based upon what the defendant told him, he advised the defendant that he should not testify before the grand jury, and the defendant agreed. Although the defendant was not going to testify, Mr. Gibbons informed the defendant that he would reserve his right to testify, because that forces the prosecution to contact the attorney to discuss the case. Mr. Gibbons indicated that the People served the defense with GPL 190.50 notice, and the defense served the People with cross GPL 190.50 notice.
On March 24, 2010, Mr. Gibbons again spoke to the defendant. He explained to the defendant that he had talked to the Assistant District Attorney assigned to this matter, and he and the defendant discussed what they thought would happen in this case. Mr. Gibbons testified that he reiterated to the defendant that he thought the defendant should not testify before the grand jury; that he informed the defendant that it was the defendant’s GPL 180.80 day; that the case would be placed on the GPL 180.80 calendar; and that, if the witness did not come in and the prosecutor did not obtain an indictment, he would be released, or, if the matter were reduced to a misdemeanor, bail would be reduced. The defendant agreed that he would not testify. Mr. Gibbons indicated that he then informed the court of what was going on.
Upon cross-examination, Mr. Gibbons testified that it would be fair to say, based upon the large volume of cases he has handled, that he probably does not have a specific memory of each and every aspect of the grand jury conversations he had with the defendant, that some things he specifically remembers, and other things he generally tells his clients. Mr. Gibbons indicated that he spoke with the defendant, on March 20, 2010, about the facts of the case, GPL 180.80, the District Attorney’s plea bargaining policy, whether he should or should not testify before the grand jury, and information regarding the grand jury itself, such as, that it is composed of 23 people, and that if the defendant testified he would not be able to assert the Fifth *421 Amendment. Mr. Gibbons also advised the defendant that it was his opinion that the defendant should not testify before the grand jury. Mr. Gibbons stated that he clearly recalls the defendant agreeing that he would not testify before the grand jury, in that the defendant shook his head “yes” and said okay.
Mr. Gibbons testified that he took some notes regarding his conversation of March 20, 2010 with the defendant. Counsel stated that he did not indicate in those notes that the defendant agreed not to testify in the grand jury. Counsel continued that it is his practice to explain to a client at arraignment that he will reserve a client’s right to testify before the grand jury, as it forces the prosecutor to contact him. On the CPL 180.80 day, he will talk to the client, verify the information, and then, should the defendant not testify, write on the file jacket “no GJ” (see minutes, dated Sept. 1, 2010, at 103, line 2). The defendant’s CPL 180.80 day was March 24, 2010, and counsel stated that he made a court record that the defendant was not going to testify.[5]
[6] Counsel indicated that he served cross grand jury notice on the People, and did so for the purpose of preserving the defendant’s rights and keeping his options open. Mr. Gibbons testified that he had a clear indication and agreement from the defendant on March 20, 2010 that he did not intend to testify in the grand jury. Mr. Gibbons continued that he and the defendant agreed not to waive his CPL 180.80 rights because, in the past, on other cases with this same complainant, she did not show up and cooperate with the People. The hope was that the People would not be able to obtain an indictment in this case, and the defendant would be released, or his bail would be reduced.
Mr. Gibbons testified that, on March 24, 2010, he explained to the defendant that it was the CPL 180.80 day, and that either the prosecutor would obtain an indictment, or he would be released. The attorney stated that sometimes the prosecutor reduces the charges to a misdemeanor, and if that happened he would ask the judge for a reduced bail. Mr. Gibbons also reminded the defendant that they had discussed that the defendant would not be testifying before the grand jury, which the defendant again agreed to, as they both believed the complainant would not come in and testify in the grand jury against the defendant. Mr. Gibbons testified that he then stated that he would put it on the record that the defendant would not be testifying, and put the case on the CPL 180.80 calendar.
*422 Mr. Gibbons testified that the defendant never told him, in words or in substance, on March 20, 2010 or March 24, 2010, that he wanted to testify in the grand jury. Mr. Gibbons stated that in his affidavit of May 14, 2010 (People’s exhibit 2, attached to People’s affirmation in opposition to defendant’s motion, dated June 10, 2010) he did not mention that, on March 20, 2010, the defendant told him, or agreed with him, that he would not testify in the grand jury.[6] Mr. Gibbons further testified that, when he next saw the defendant on March 25, 2010, after the defendant had been indicted, the defendant complained, in open court and on the record, that he had wanted to testify in the grand jury and had not, and that Mr. Gibbons had interfered with his right to do so by telling the prosecutor that he did not want to testify.[7]
Upon redirect examination, Mr. Gibbons testified that on March 24, 2010, he believed that the complaining witness would not come forward, and that this belief was based upon her prior behavior and what the defendant had told him.
At the outset, the court notes that the defense does not allege that the People did not serve the defendant with grand jury notice at his criminal court arraignment. Additionally, the court notes that the People do not allege that the defense did not serve the People with proper cross grand jury notice of his desire to testify before the grand jury. Therefore, to narrow the issue at hand, the court concludes that the People served proper grand jury notice on the defendant, and the defendant served proper cross grand jury notice on the People. Pursuant to CPL 190.50, the defendant had the right to testify before the grand jury. Therefore, the only issue that must be determined by this court is whether the defendant’s right to testify before the grand jury was thwarted, not by the People, but by the actions, or inaction, of defense counsel. Based upon the testimony adduced at the hearing, the court finds the answer to that question to be “no.”
The court notes that, at the hearing, the defendant had the burden of demonstrating “by a preponderance of the evidence every fact essential to support the motion” (CPL 210.45 [7]). *423 The court finds that the defendant has not met his burden. The defendant’s testimony at the hearing that he told Mr. Gibbons that he wanted to testify before the grand jury, and that Mr. Gibbons denied him that right, was completely unsupported. The defendant presented no witnesses to corroborate his allegations, despite his claim that he knew one of the individuals in the holding pens on March 24, 2010, who was in close proximity to him during his conversation with Mr. Gibbons.
Furthermore, the court finds the defendant’s testimony to be completely self-serving and, at times, unbelievable. It makes no sense, as the defendant claims, that he told Mr. Gibbons that he wanted to testify before the grand jury, but that Mr. Gibbons never attempted to advise him on this issue, to discuss with him the merits of such a decision, or the logistics of it, such as the need to waive immunity. Additionally, the court finds that it strains credulity that Mr. Gibbons ever said to the defendant that he had no right to testify before the grand jury. Also, the court is incredulous of the defendant’s claim that Mr. Gibbons did not discuss with the defendant, as testified to by Mr. Gibbons, whether or not the complainant would come forward and testify against the defendant, especially in light of the fact that the complainant’s cooperation with the prosecution was the issue which led to the defendant’s previous cases being resolved in his favor.
Despite the position of the defense that Mr. Gibbons has a motive to claim that the defendant never told him that he wanted to testify, such as a fear of a grievance being filed against him, or of a lawsuit, or of a blemish to his reputation, the court finds this claim to be without merit. Mr. Gibbons has been practicing criminal defense law for 23 years, and the defense has not presented any evidence that counsel enjoys anything but a sterling professional reputation. Presumably, he had a relationship with the defendant from representing him in the past and knew the history between the complainant and the defendant. There was no evidence presented at the hearing that demonstrates that counsel wanted anything for the defendant other than a dismissal of these charges, the hope of both counsel and the defendant. Had the defendant truly indicated that he wanted to testify in the grand jury, the court has little doubt that Mr. Gibbons would have enabled that to happen. The court credits Mr. Gibbons’ version of the events that transpired in this case, that the defendant agreed with counsel that he would not testify before the grand jury, and rejects the defendant’s version.
*424 The defendant’s allegation that proof that he was denied his right to testify before the grand jury is to be found in the defendant’s complaint in open court, on March 25, 2010, does not prove the defendant’s position. That statement, like the others testified to by the defendant, is completely self-serving. In light of all of the evidence presented in this case, the court accepts the People’s contention as advanced in oral argument (see minutes, dated Oct. 18, 2010, at 21, lines 9-20), and finds that the defendant, who has a prior criminal history and knowledge of the workings of grand jury practice, concluded, when he was not released from incarceration, that an indictment had been filed against him,[8] and came to court the next day with the motive and intention of attempting to overturn that indictment. In this case, the court finds that the defendant took a gamble that the complainant would not testify against him, as that is apparently what happened in the past on the two prior cases Mr. Gibbons represented the defendant on (see minutes, dated Sept. 1, 2010, at 105-106). In this case, he lost that gamble. The defendant’s motion to dismiss the instant indictment pursuant to CPL 190.50 is denied.
The court notes that, even if the defendant’s testimony were to be credited in this case, and it is not, on this record, the defendant would still not be entitled to the relief he seeks. Whether or not the actions of an attorney have prevented a client from testifying before the grand jury is generally examined under a claim of ineffective assistance of counsel (see People v Cadell, NYLJ, Oct. 7, 2003, at 19, col 1 [Sup Ct, NY County]). The Court of Appeals, in People v Wiggins (89 NY2d 872, 873 [1996]), held that “[d]efense counsel’s failure to timely facilitate defendant’s intention to testify before the Grand Jury does not, per se, amount to a denial of effective assistance of counsel.” The Court of Appeals further held, in People v Simmons (10 NY3d 946, 949 [2008]), that to prevail on such a claim, a defendant must “establish that he was prejudiced by the failure of his attorney to effectuate his appearance before the grand jury” and must assert that “had he testified in the grand jury, the outcome would have been different.” In the instant case, the defendant has not established any prejudice whatsoever, and has made no claims that the outcome in this case would have been different had he testified.
*425 The court notes the People’s position (affirmation in opposition, dated June 10, 2010, at 3) that the defendant is unable to demonstrate either of these two factors, that the outcome of the grand jury proceeding would have been different had the defendant testified before the grand jury, or that he was prejudiced in any way by the actions of his attorney, in that had “the defendant testified he would have been subject to questioning regarding his two felony convictions, his two misdemeanor convictions, his admission to the arresting officer that he paid for the damage he caused, and the underlying facts of the cases that gave rise to the order of protection defendant violated.” The court is in agreement with this position, and finds that, on this record, the defendant’s unsupported assertions do not warrant dismissal of the indictment.[9] (See also People v Sturgis, 199 AD2d 549 [2d Dept 1993], lv denied 83 NY2d 858 [1994], lv denied upon reconsideration 84 NY2d 833 [1994]; People v Cadell, NYLJ, Oct. 7, 2003, at 19, col 1 [Sup Ct, NY County]).[10]
Accordingly, based upon the above discussion, the court finds that the defendant was not denied his right to testify before the grand jury. The defendant’s motion to dismiss the instant indictment is therefore denied.

. The attorney representing the defendant at the present time is not the same attorney who represented him at the time of the grand jury presentation.

. The defendant stated that Mr. Gibbons was with a female associate, but that she stepped away from the conversation.

. The defendant stated that he knew one of the inmates in the holding pens with him who was in close proximity to him during this conversation with his attorney. The defense indicated that, despite their efforts, this witness was not cooperative and would not testify on behalf of the defendant.

. The defendant indicated that Mr. Gibbons said this to him in the holding pens and that some inmates were present, but he does not know the name of any of them.

. This court has reviewed People’s exhibit 1 for identification, defense counsel’s notes on his file jacket, and said file reflects a notation “no GJ.”

. The court notes that this affidavit indicates that Mr. Gibbons did state that, on March 24, 2010, the defendant agreed not to testify before the grand jury.

. Neither party obtained a copy of the minutes reflecting this court appearance, although the People do not dispute its occurrence, or the substance of the defendant’s complaints to the court (see minutes, dated Oct. 18, 2010, at 26).

. Also, Mr. Gibbons testified that he informed the defendant that he would be released if there were no indictment.

. The court notes that, to support a claim of ineffective assistance of counsel, it is necessary for the defendant to prove the “absence of strategic or other legitimate explanations” for defense counsel’s actions (People v Garcia, 75 NY2d 973, 974 [1990]; see also People v Richardson, 193 AD2d 969 [3d Dept 1993], lv denied 82 NY2d 725 [1993]). The defendant in this case did not meet his burden, as the court credits the testimony of Mr. Gibbons, wherein his strategy for handling this case at the preindictment stage was clearly explained and had the consent of the defendant.

. The defendant requests that this court distinguish the holdings of Wiggins and Simmons and instead take note of and follow the case of People v Edwards (192 Misc 2d 473 [2002]), wherein that court held that, when defense counsel withdrew defendant’s cross grand jury notice without his consent, dismissal of the indictment was necessary because counsel’s actions precluded the defendant from exercising his right to appear before the grand jury. However, the holding of Edwards was based upon what that court found to be a compelling fact-specific situation, where the accusations against the defendant in a sexual assault case were not made until nearly a year after the alleged event, and there was no evidence against the defendant other than the complainant’s testimony. The court finds that the circumstances of the case at bar are not so compelling as to disregard the holdings of Wiggins and Simmons (compare People v Hampton, Sup Ct, Queens County, Dec. 3, 2004, Erlbaum, J., indictment No. 1428/2004).